Iles *et al. v.* Martin.

---

## Iles et al. *v.* Martin.

Pleading.—*Fraud.*—An averment of fraud, to have force, must state the facts constituting the fraud.

Express Trust.—*Power in Trustees to Sell and Convey.*—*Title of Vendee.*—*Consideration.*—Under an express trust, with power to sell and convey, it is not necessary that the trustee should apply to a court to authorize the sale, nor to give bond unless required, for the execution of the trust ; nor can the title in the vendee be questioned for want of consideration.

Same.—*Act of* 1875.—The act of February 4th, 1875, 1 R. S. 1876, p. 917, does not seem to affect express trusts with a power in the trustee to sell and convey.

From the Howard Circuit Court.

*W. M. Waters, M. Bell* and *M. McDowell,* for appellants.
*L. M. Conn,* for appellee.

Biddle, J.—Complaint by the appellee to quiet his title to certain real property, against the appellants.

The plaintiff avers that he holds title to the land by deed of warranty from Stephen B. Iles and Elizabeth Iles, his wife, dated the 26th day of February, 1877. The defendants, in their answer, set up title to the same land by deed

of warranty from Stephen B. Iles, dated the 25th day of July, 1872. The deed to the defendants contains the following reservation, inserted immediately after the description of the land : " Except about 9 acres out of the N. E. corner of said tract, which is conveyed to said E. Iles, subject to the life-estate of the said grantor, he to retain the absolute right to occupy, use and control said land for his own use and benefit during his natural life, and, if thought best by him, the right to sell and dispose of the same for and on behalf of said grantors, they to have the proceeds of said sale at the death of said grantor." It is averred that this deed was duly recorded in Howard county on the 31st day of January, 1872. This date is probably erroneous, as the deed could not have been recorded before it was made ; but the averment is that it was recorded before the plaintiff obtained his deed to the land. It is also alleged that the plaintiff, confederating with Stephen B. Iles, obtained said deed fraudulently, without any consideration.

The answer remaining in the record consists of two paragraphs numbered the second and third, but they are not different in legal effect. Each is pleaded by all of the defendants, except Stephen B. Iles and Elizabeth Iles, who were defaulted. A demurrer for the want of facts was sustained to each paragraph, and judgment rendered quieting the title in the plaintiffs, and perpetually enjoining the defendant from asserting title to said lands. Appeal.

The substance of the defence set up against the complaint is, that the plaintiff obtained his deed with a full knowledge of the appellants' title to the land, and without the consent of the appellants ; that the deed to the plaintiff was made without procuring any order of the court to make the same, and without giving bond by the said Stephen B. Iles for the faithful performance of the trust, or for the security of the proceeds and purchase-money for the land ; that said conveyance has not been approved or con-

Iles *et al. v.* Martin.

firmed by any court; that the plaintiff has paid no valuable consideration for the land ; that, besides the land, Stephen B. Iles is wholly insolvent, and that the sale of the land to the plaintiff is not for the interest of the defendants ; all of which was well known to the plaintiff at the time the sale was made.   Wherefore, etc.

We may at once say that the averment of fraud in the answer states no facts constituting fraud, but merely a conclusion ; it therefore has no force.   Nor can we perceive any defence in the other facts alleged in the answer. The deed to the appellants makes Stephen B. Iles their trustee of an express trust, with the optional power to sell or not sell, for their benefit.   Under an express trust with power to sell and convey, it is not necessary that the trustee should apply to a court to authorize the sale, nor to give bond unless required for the execution of the trust. Nor can the title in the vendee be questioned for want of consideration.   Besides all this, the title to the plaintiff is good beyond doubt during the life of Stephen B. Iles ; for this reason, if for no other, the demurrers to the answers were properly sustained. What rights the appellants may have, if any, to the proceeds of the sale at the death of Stephen B. Iles, is not a question before us.   We do not see wherein the court erred.   See act of June 17th, 1852, 1 R. S. 1876, p. 915.

We do not think this case comes within the act of February 4th, 1875, 1 R. S. 1876, p. 917.   That act does not seem to affect express trusts, with a power in the trustee to sell and convey. *Weaver* v. *The Trustees of the Wabash and Erie Canal*, 28 Ind. 112 ; *Thiebaud* v. *Dufour*, 54 Ind. 320.

The judgment is affirmed, at the costs of the appellants.