Filed Sept. 20, 1889.

---

No. 13,794.

## EX PARTE KILGORE.

TRUST.—*Testamentary Appointment of Trustee, without Bond.*—*Power of Court to Require Bond.*—Where a testator by his will appoints his son trustee of an express trust thereby created, and provides that he shall not be required to give bond, but that for any breach of trust he may be removed and another appointed by the court, the court has no power to require the trustee so appointed by the testator to execute a bond for the faithful discharge of his duties.

SAME.—*Trustee with an Interest.*—*Removal.*—*Right to be Heard.*—Where a will provides that the testator's son shall have and hold in trust for his children "one full and equal fourth part of my property, real and personal, with the right to use any income or rents thereof to aid in raising and educating his children," the court has no power to arbitrarily re-

move such trustee, without petition or notice, and without giving him an opportunity to be heard.

From the Delaware Circuit Court.

*J. N. Templer* and *J. F. Sanders,* for appellant.

*J. W. Ryan, contra.*

MITCHELL, J.—The fifth clause of the will of David Kilgore, who died in Delaware county, the owner of real and personal estate, reads substantially as follows: "My son David to have and hold in trust for his children now born, or which may hereafter be born, during his natural life, one full and equal fourth part of my property, real and personal, with the right to use any income or rents thereof, to aid in raising and educating his children, and he shall not be required to give bond as such trustee, but for any waste or abuse of trust, may be removed, and another appointed by the court."

It appears from the record that the trustee presented a petition to the Delaware Circuit Court, praying its order and direction in respect to certain matters pertaining to the trust. Before the petition was finally disposed of, the court, of its own motion, and without any reference to the matters embraced in the petition, entered an order requiring the trustee within ten days to give a bond in the penal sum of $3,000, with approved freehold surety, for the faithful discharge of his duties as trustee under the will. This order was made over the objection of the trustee. It is recited in a bill of exceptions set out in the record, that the trustee having failed and refused to give bond, and to comply with the order of the court, the court thereupon, of its own motion, ordered that he be removed from his trust as trustee under the will.

It further appears by bill of exceptions that the court had made certain orders, the purport of which, with the exception of the order to file a bond, does not very clearly appear, and that the trustee had failed to comply with the orders so made. Thereupon, without any petition charging any viola-

tion or attempted neglect of duty, and without any hearing or previous notice, the court removed him upon its own motion.

The record presents two questions for decision:

1. Had the court power to require the trustee to execute a bond for the faithful discharge of his duties notwithstanding the direction of the testator that he should not be required to give bond?

2. Had the court the power, of its own motion, to remove the trustee, without petition or motion, and without previous notice and an opportunity to be heard?

Both the foregoing inquiries must receive a negative answer.

Where an express trust is created by will or deed, and the trustee is vested with plenary power, so as not to require the aid or appointment of the court in the execution of the trust, the court has no power to interfere and require the execution of a bond, in opposition to the declared wishes of the author of the trust, except it be done in pursuance of some express statutory requirement. On the other hand, where the power or authority of a trustee to do an act, or make a sale, is derived from, or where he is appointed by, the court, and the statute requires the execution of a bond as a condition upon which the appointment may be made, or the power exercised, the power can be conferred only upon the statutory conditions, without regard to the wishes expressed by the author of the trust. *Iles* v. *Martin*, 69 Ind. 114; Perry Trusts, section 262.

A testator has a right to dispose of his property in the manner deemed most satisfactory to him, and it his province to repose a special trust and confidence in whomsoever he chooses. If he appoints a trustee and vests him with power to execute the trust without the aid or appointment of the court, his express directions exempting the trustee from giving bond can not be disregarded without showing that the trust estate is being wasted, and that the condition and cir-

cumstances of the trustee are wholly different from what they were when the appointment was made. Where one has been appointed executor who requires the issuance of letters with the will annexed, other principles control.

It is undeniably true that trustees and trust estates are, by the express terms of the statute, placed under the equitable control of the court having jurisdiction thereof, for the preservation of the funds and carrying out the purposes of the trust, and that, in a proper case, the court may, by virtue of its inherent chancery jurisdiction over trust estates, require the execution of a bond for the faithful administration of the trust. *Thiebaud* v. *Dufour*, 54 Ind. 320 ; *State, ex rel.*, v. *Roudebush*, 114 Ind. 347; *Tucker* v. *State, ex rel.*, 72 Ind. 242. If, however, it be the clearly expressed purpose of the author of the trust that the trustee should not be required to execute a bond, it is not within the power of the court to set aside an unequivocal provision of the will or deed by ordering the execution of a bond, except its aid or jurisdiction is invoked in the course of a matter or proceeding in which the statute requires the filing of a bond. The testator appointed his son trustee of an express trust. He declared, in unequivocal language, that the trustee should not be requird to give a bond, but that if he abused his trust he should be removed and another appointed in his place. What the testator desired was, that the trust should be faithfully administered by his son, without a bond, and that if he failed so to administer it then he should be removed. It was not the execution of a bond he wanted in case the confidence he had reposed should be abused. What he expressly provided for in such contingency was, that the trust should be committed to other hands, without involving his son in further complications. The testator doubtless had abundant reason for making the provision he did. The court had no power to change it. The proceeding before the court, at the time the order was made, was not one in

which the statute required the filing of a bond. The order requiring the trustee to file a bond was therefore erroneous.

Coming now to the second question, it is apparent at once that the will made the appellant the trustee of an active trust in which he had a beneficial interest of a pecuniary character. It gave him the right to use and enjoy the income and rents of one-fourth of the testator's real and personal estate, to aid him in raising and educating his children. He had the right to take the possession and management of the trust estate, and continue to use and manage it as long as he remained faithful to the purposes of the trust. This constituted a valuable right, of which he could not be deprived, except for some abuse or attempted violation of the duties of his trust, upon petition by, or on behalf of, some person interested, and after due notice, and an opportunity to be heard. *In re Livingston,* 34 N. Y. 555; *McPherson* v. *Cox,* 96 U. S. 404.

That a court of chancery has power, independently of any statutory provision, or of any directions contained in the instrument, to remove a trustee for good cause shown, is well established. *People* v. *Norton,* 9 N. Y. 176; Pomeroy Eq. Jur., section 1086. The power of the court in that respect is as broad and comprehensive as the exigencies of any case may require. In exercising its jurisdiction, the court does not, however, act arbitrarily, but upon certain well defined principles, and after affording the trustee an opportunity to answer the charges made against him, and giving him ample opportunity to be heard. Perry Trusts, sections 817, 818.

Whatever causes may have existed for the removal of the trustee in the present case, as it is affirmatively shown that he was not removed upon any charges preferred or after a hearing and consideration of the case, the proceedings of the court were, to say the least, erroneous.

The judgment is reversed, with costs.

Filed Sept. 20, 1889.