H. H. Wheeler et al., v. Kate B. Paddock et al. Bessie Paddock Dyer and W. H. Dyer, Appellants, v. Kathryn P. Hinkle et al., Appellees.

Gen. No. 9,248.

Opinion filed January 21, 1938.

W. H. DYER and EBEN B. GOWER, both of Kankakee, for appellants.

ANKER C. JENSEN and EVA L. MINOR, both of Kankakee, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

Daniel Paddock died December 28, 1905, leaving a last will and testament in which he created certain trusts and appointed trustees to carry out the provisions of the will. Par. 9 of the will provides as follows: "In case of the vacancy or refusal to act of any trustee, the circuit court of Kankakee County shall appoint other trustee or trustees to act in their stead, but no trustee shall be related to me either by blood, or marriage, or to any of my family, which said trustee shall give a proper bond, and shall manage my estate. But I especially will that no one who bears the name of Patrick shall ever be trustee, agent, or have anything to do with my estate."

The trustee named in the will refused to act, and Kate B. Paddock, widow of the testator, at the request of the beneficiaries under the will, was appointed to act as trustee. Kate B. Paddock died and later Shirley B. Paddock, a daughter of the testator, was appointed trustee. On October 7, 1922, Shirley B. Paddock resigned as such trustee and the court appointed H. H. Wheeler, one of the testamentary trustees, as such trustee, who qualified and took over the active management of the estate. In 1935 it was discovered that Wheeler's accounts were in bad shape and he resigned. The court appointed W. H. Dyer as such trustee. Mr. Dyer is a son-in-law of Daniel Paddock, deceased, and husband of Bessie Paddock Dyer. W. H. Dyer filed his bond with four of the six living daughters of Daniel Paddock, deceased, as sureties. This bond was approved by the court. H. H. Wheeler, the trustee prior to the time W. H. Dyer was appointed, had misappropriated funds to the sum of $12,000. Through the efforts of W. H. Dyer, this money was all recovered for the trust estate and is now held by Dyer as such trustee. On the 28th of June, 1937, the court entered an order vacating the order appointing Dyer trustee and discharged him from further duties. Bessie Dyer Paddock, one of the beneficiaries under said will, and W. H. Dyer as trustee have brought the case to this court for review.

It is insisted by the appellants that the court had no authority to remove W. H. Dyer as trustee, because he had not been given any notice of the hearing, and that there is no petition, request, or motion of any kind filed in the court demanding that he be removed as such trustee, and that the court had no authority to vacate the order of his appointment which was entered February 21, 1935. From an examination of the abstract and record, we are unable to find where there is any petition by any one of the beneficiaries.

or request for an order of the court calling on Dyer as such trustee either to make a report or resign as trustee. The appellees contend that the letter of June 3, 1937, written by W. B. Hunter to Mr. Wayne Dyer is a demand by the court upon Mr. Dyer to file his report and resign as trustee. It will be observed from an examination of this letter that it is a communication from W. R. Hunter as an individual and not as judge of the court. The statement in the letter as follows:—"I felt that it would be better all around for you to file a final report and tender your resignation as trustee," is not a demand that Dyer file a report and resign, but it is an expression of the feeling of Judge Hunter of what he thinks would be for the best interest of the trust estate.

A communication addressed to W. B. Hunter, judge of the circuit court of Kankakee county, Illinois, dated April 30, 1937, filed June 3, 1937, the same date Judge Hunter wrote the letter to Mr. Dyer, signed by all the beneficiaries of the estate except Bess Dyer, is as follows: "We, the undersigned, request immediate distribution of the 'Liquid assets' of the estate, being that part in cash and Government bonds, except a small reserve fund sufficient to meet taxes and current expenses."

This instrument certainly cannot be considered as a petition filed by the beneficiaries of the trust to have Mr. Dyer removed as such trustee, as there is no mention whatsoever made of having Mr. Dyer removed as trustee.

The fourth paragraph of the decree appointing W. H. Dyer trustee to succeed H. H. Wheeler, resigned, was dated the 21st of February, 1935, and is as follows: "It is adjudged, ordered and decreed that W. H. Dyer, be and he is hereby appointed trustee in this cause as successor to said H. H. Wheeler as said trustee and he is hereby authorized and directed to

carry out the provisions of the trust as set forth in the last will and testament of Daniel H. Paddock, deceased.'' The order then continues, fixing the amount of the bond that Mr. Dyer should give before entering upon his duties as such trustee, and that he shall file an inventory of the monies and property of said estate that come into his hands as such trustee. A bond was filed as before stated and the inventory showing the amount of property in the hands of Mr. Dyer as such trustee.

When the court signed this order it was an unconditional appointment of W. H. Dyer as trustee, to carry out the provisions of the will of Mr. Daniel Paddock, deceased. It is undisputed that W. H. Dyer is a son-in-law of Daniel Paddock, deceased, and under the terms of the will would not be a proper trustee to manage and care for the trust estate. It will be observed that, with the exception of the time that H. H. Wheeler was trustee, some member of the family had been acting in such capacity. The record discloses that Mr. Dyer has done splendid work in regaining the assets of the estate from Wheeler, the former trustee. It is our conclusion that the order appointing W. H. Dyer such trustee, was not a void order, but legal and binding until questioned in a regular manner in a court of competent jurisdiction. No doubt when the proper pleadings are filed a court of chancery has the right and authority to remove a trustee for cause, but the beneficiaries under the trust, and the trustee should have notice of such proceeding so that they can defend the action.

It is our conclusion that the court was without authority to enter the order of June 28, 1937, to vacate or set aside the order of February 21, 1935 as said judgment had become final. It is our further conclusion that the court could not remove Mr. Dyer as trus-

tee without first entering some rule of court against him, or upon petition of some kind being filed, asking that he be removed as such trustee.

The appellants asked leave to file an affidavit setting forth facts that do not appear on record and have presented the affidavits with their motion. This motion was taken with the case and leave to file the same is hereby denied.

The judgment of the circuit court of Kankakee county is hereby reversed.

*Reversed.*