CLARA LOCKSTED v. GUST LOCKSTED.[1]

December 22, 1939.

No. 32,390.

[1]Reported in 289 N. W. 55.

*F. P. Ryan* and *Young & Young*, for relator.

*Ossanna, Carlson, Hall & Kotrich* and *William O. McNelly*, for respondent.

Per Curiam.

This is an original proceeding in *mandamus* to compel the Honorable Joseph J. Moriarty, judge of the district court of McLeod county, eighth judicial district, to call in a district judge from another district to preside at the trial of the action below.

The claim is that the judge has been disqualified from presiding by the filing of an affidavit of prejudice against him. The defendant's affidavit of prejudice, which by its terms was limited to matters which were to come on for hearing before the court on June 24, 1939, on plaintiff's motion for temporary alimony, attorneys' fees, and suit money, was filed on June 22, 1939. No other affidavit of prejudice was filed.

In Ratcliffe v. Ratcliffe, 135 Minn. 307, 160 N. W. 778, we held that under the statute, which permitted the filing of an affidavit of prejudice against a judge to prevent him from presiding at the trial of a pending cause in certain cases, a party could not disqualify a judge from hearing a motion for allowance of temporary alimony and custody of minor children pending suit by filing an affidavit of prejudice. We there pointed out that the trial of a cause and the hearing of a motion differ essentially in character. L. 1937, c. 237 (3 Mason Minn. St. 1938 Supp. § 9221), permits an affidavit of prejudice to be filed as to matters to be heard both at general and special term. The statute in effect takes notice of the distinction, which we pointed out in the Ratcliffe case, and extends the right of a party to disqualify a judge to matters to be heard at special as well as at general term. The affidavit should show disqualification of the judge to preside at the trial of the action, where such a claim is made. An affidavit of prejudice, which by its terms is limited to matters to be heard on

motion before trial, does not disqualify a district judge from presiding at the trial of the action.

Alternative writ of *mandamus* is quashed.

