# IN RE TRUSTS CREATED BY GEORGE A. HORMEL AND OTHERS.

163 N. W. (2d) 844.

December 27, 1968—Nos. 41557, 41558, 41559, 41574.

*Dorsey, Marquart, Windhorst, West & Halladay, John W. Windhorst, Edward J. Schwartzbauer,* and *Charles J. Hauenstein,* for relators.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *David J. Byron,* Special Assistant Attorney General, for respondents.

OTIS, JUSTICE.

These matters are before the court on petitions for writs of prohibition to enjoin the enforcement of orders signed by two judges of the District Court of Mower County who removed the trustee of 22 trusts, appointed themselves as successor trustees pro tem, registered all of the assets in their names as trustees pro tem, and placed the assets in the custody and under the control of the Mower County clerk of district court. Alternative writs of prohibition were issued by this court on July 30, 1968, and August 2, 1968. The matter was presented to the full bench on September 4, 1968, following which the writs were made absolute on September 24, 1968.

The trusts which are the subject of this litigation were created by George A. Hormel and members of his family. A substantial portion of the trust assets consists of stock in Geo. A. Hormel & Company, a meat-packing business with plants located in Austin, Minnesota, and elsewhere throughout the United States. In 1941, The Hormel Foundation was created under the laws of Minnesota for religious, charitable, scientific, literary, or educational purposes. Since that date, it has acted as

trustee for the Hormel family trusts. In 1955 it submitted to the jurisdiction of the district court and qualified the trusts under Minn. St. 501.33.

On April 5, 1968, the Foundation petitioned the district court for an order allowing its accounts in three trusts for the period subsequent to March 24, 1967. Following a hearing on May 3, at the request of Judge Warren F. Plunkett a copy of the Foundation's certificate of incorporation was furnished the court on May 11. On May 29, 1968, Judge Plunkett entered an order denying the trustee's request to purchase additional Hormel Company stock but reserved a ruling on the remainder of the petition pending receipt of "a report from the Trustee designating that provision of the Certificate or Articles of Incorporation of the Hormel Foundation authorizing said Hormel Foundation to act as Trustee in the trust involved herein." An amended account and various receipts requested by the court were filed on July 2, 1968, together with a letter from the trustee withdrawing from the court's consideration the petition of April 5.

On July 24, 1968, the following order was signed by Judge Plunkett and on Friday, July 26, it was served on the trustee, returnable on Friday, August 2:

"ORDER TO SHOW CAUSE

"To: George Ryan, M. B. Thompson, Richard Arney, Raymond Ondov, James Huntting and James Hormel, individually, and as members of the Board of Directors of the Hormel Foundation.

"YOU ARE HEREBY ORDERED to show cause before the Court at 1:30 o'clock p. m. on Friday, August 2nd, 1968, in the Court Room in the Court House, City of Austin, County of Mower, State of Minnesota, as to why you have not complied with the Order of this Court dated May 29th, 1968, directing, 'a report from the Trustee designating that provision of the Certificate or Articles of Incorporation of the Hormel Foundation authorizing said Hormel Foundation to act as Trustee in the trust involved herein.' Let a copy of this Order be served by mail on each of the above named.

"Dated this 24th day of July, 1968.

*"S/ Warren F. Plunkett*
District Judge."

On the day the order was served, counsel for the trustee requested and was denied a continuance of the August 2 hearing. On the following day, he executed an affidavit of prejudice addressed to Judge Plunkett, which was served on Monday, July 29. Judge Plunkett declined to honor the affidavit, asserting that it was untimely and intended only for purposes of delay. The next day, July 30, 1968, he signed an order quashing the order to show cause which was to be returnable on August 2. On the same date, Judge Plunkett and Judge Daniel F. Foley jointly executed the following order which is the subject of this litigation:

"WHEREAS, it having come to the court's attention that the certificate of incorporation of The Hormel Foundation which is attached hereto and marked Exhibit A and incorporated herein as a part hereof does not contain any power or authority to act as a trustee or fiduciary in the trust involved herein; and

"WHEREAS, all of its acts must be construed as ultra vires of its corporate powers;

"Now, THEREFORE, the court, upon its own motion, hereby orders that said The Hormel Foundation is forthwith removed as trustee herein and

"IT IS FURTHER ORDERED that Daniel F. Foley and Warren F. Plunkett, Judges of the District Court, Third Judicial District, State of Minnesota, residing in Mower County, Minnesota, are hereby appointed to act as trustees pro tem until permanent trustees can be appointed by the court and qualify, and

"IT IS FURTHER ORDERED that all of the assets of the above referred to trust be forthwith registered in the name of Daniel F. Foley and Warren F. Plunkett as trustees pro tem of the above referred to trust, and said assets be placed under the custody and control of the Clerk of this Court pending the further order of this Court.

"Dated this 30th day of July, 1968.

"s/ Warren F. Plunkett
"s/ Daniel F. Foley
"Judges of the District Court,
   Third Judicial District"

In an accompanying memorandum, the judges gave as their reason for executing the order the fact the certificate of incorporation contained no authority for the Foundation to act as trustee. The memorandum concluded with the following statement:

"The court will entertain suggestions and recommendations from the beneficiaries of the trust herein to appoint a minimum of three and a maximum of seven trustees to act as trustee in the above trust. The court will await the receipt from each of the beneficiaries of their suggestion referred to above before taking any action to replace said The Hormel Foundation as trustee herein."

The order removing the trustee was signed ex parte, on the court's own motion, and without notice or an opportunity to be heard by the trustee or beneficiaries. On the same date, upon the petition of the trustee, we issued an alternative writ of prohibition enjoining the enforcement of the July 24 order to show cause.

On the following day, the articles of the Foundation were amended by a resolution expressly authorizing the corporation to act as trustee of the Hormel family trusts. A second alternative writ of prohibition directed at the July 30 order of Judge Plunkett and Judge Foley was executed by this court on August 2, 1968, upon the petition of the Foundation.

The issues here for decision are as follows:

(1) Was Judge Plunkett obliged to honor the affidavit of prejudice served on him on July 29? We hold that he was.

(2) Did the order of July 30 removing The Hormel Foundation as trustee deny the trustee and beneficiaries due process of law? We hold that it did.

(3) Was the removal of the Foundation and the appointment of the judges as trustees pro tem an abuse of discretion? We hold that it was.

(4) Does The Hormel Foundation have the power to act as trustee of the Hormel family trusts? We hold that it does.

■ ■ Under Rule 63.03, Rules of Civil Procedure, an affidavit of prejudice must be served 5 days prior to the special term, or day fixed by

notice of motion, at which the hearing is to be had.[1] Counsel for the trustee did not receive notice of the August 2 hearing, pursuant to the July 24 order to show cause, until Friday, July 26. After requesting and being denied a continuance on that date, counsel executed the affidavit of prejudice on July 27 and served it on Judge Plunkett the following Monday, July 29.[2] Judge Plunkett contends that the time within which to serve the affidavit expired at midnight on July 26. Whether or not, under Rule 6.01, the affidavit was served within the 5 days prescribed by Rule 63.03, it was illiberal and unwarranted for the court to ignore the affidavit. The hearing to which the affidavit was addressed was ordered ex parte by the very court which had 13 years earlier appointed and confirmed the trustee and had periodically supervised and allowed its accounts. The fact that for something less than 60 days the trustee had not responded to the court's inquiry with respect to its authority to act did not justify the court's refusal to recognize an affidavit of prejudice when the trustee itself had only a scant week's notice of the hearing. In a multiple-judge district, there was no reason to assume the hearing would not be assigned to another judge for a prompt and expeditious disposition. In any event, there is no claim that the trusts would have suffered from delay.

---

[1] Rule 63.03, Rules of Civil Procedure, provides: "Any party or his attorney may make and serve on the opposing party and file with the clerk an affidavit stating that, on account of prejudice or bias on the part of the judge who is to preside at the trial or at the hearing of any motion, he has good reason to believe and does believe that he cannot have a fair trial or hearing before such judge. The affidavit shall be served and filed not less than 10 days prior to the first day of a general term, or 5 days prior to a special term or a day fixed by notice of motion, at which the trial or hearing is to be had, or, in any district having two or more judges, within one day after it is ascertained which judge is to preside at the trial or hearing. Upon the filing of such affidavit, with proof of service, the clerk shall forthwith assign the cause to another judge of the same district, and if there be no other judge of the district who is qualified, or if there be only one judge of the district, he shall forthwith notify the chief justice of the supreme court."

[2] Judge Plunkett quotes counsel as saying the affidavit was filed only because the continuance was not granted. Counsel categorically denies having made that statement and asserts that he requested the clerk to make an immediate reassignment to another judge.

Indeed, on this record, where none of the interested parties supported the action proposed by the trial court, the court would have been hard pressed to make a showing of prejudice. Quite the contrary, a number of beneficiaries have filed affidavits vigorously opposing the removal of the trustee.

It is the contention of the district court that the failure of Judge Plunkett to honor the affidavit of prejudice is now moot because the July 24 order was quashed by the trial court on July 30 and the affidavit was not addressed to the second order of July 30 removing the trustee. In Locksted v. Locksted, 206 Minn. 525, 526, 289 N. W. 55, we held that an affidavit addressed to a motion before trial does not disqualify a district judge from presiding at the trial of the action, where the two hearings "differ essentially in character." Here, on the other hand, the issue raised in the July 24 order to show cause and the issue disposed of in the July 30 order were identical. Under such circumstances, the affidavit should have been given continuing effect.

Finally, the trial court asserts that the affidavit of prejudice did not affect the outcome since it was not addressed to Judge Foley, and his signature on the July 30 order was sufficient to make the order effective.[3] If Judge Plunkett took no part in the consideration or decision to remove the trustee, we are at a loss to understand why he signed the order. It may be presumed that a judge who executes an order does so after appropriate deliberation and consultation with colleagues who join him. His signature indicates his approbation and can be expected to influence the decision of his brethren. An affidavit of prejudice is intended to prevent participation in the decision-making process as well as in the formal execution of an order.

We have held that the law governing affidavits of prejudice shall be given liberal construction "to avoid a sacrifice of that right on the altar of technicality." This is particularly so where there has been substantial compliance with the rules, and there is no showing that the rights of any interested party will suffer. Wiedemann v. Wiedemann, 228 Minn. 174,

---

[3] There is no explanation of why Judge Foley joined Judge Plunkett in removing The Hormel Foundation and naming himself trustee. The record does not disclose his prior participation in any of the proceedings.

178, 36 N. W. (2d) 810, 813. We have said that because of rapid communication and transportation judges can ordinarily be reassigned without delay or inconvenience. Where a judge's impartiality is questioned, to avoid any suspicion of favoritism, all doubt concerning compliance with the rules should be resolved in favor of his disqualification. Jones v. Jones, 242 Minn. 251, 264, 64 N. W. (2d) 508, 516. We therefore hold that Judge Plunkett's refusal to honor the trustee's affidavit of prejudice was not rendered moot and that such refusal was error which invalidated the order removing the trustee.

■ The applicable statute governing the removal of a trustee is Minn. St. 501.43, which provides as follows:

"Upon the complaint of any person interested in the execution of an express trust, and under such regulations as shall be established by the court for that purpose, it may remove any trustee who has violated or threatened to violate his trust, or who is insolvent, or whose insolvency is apprehended, or who for any other cause is deemed an unsuitable person to execute the trust."

The July 30 order removing The Hormel Foundation was issued sua sponte without a petition or complaint and without notice or an opportunity to be heard by either the trustee or the beneficiaries. No emergency existed and no violation or threatened violation of the trust was claimed. The sole basis for removing the trustee was the judges' conclusion that the Foundation was without power because its articles did not expressly authorize it to act. Since the trustee had withdrawn its petition of April 5 at the time of the July 30 order, there was nothing pending before the court, although it had ongoing jurisdiction over the trust.[4]

That such procedure denied the trustee and beneficiaries due process of law is clear. The beneficiaries have never been made parties to these

---

[4] Minn. St. 501.33 provides: "Upon petition of any person appointed as trustee of an express trust by any will or other written instrument, or upon petition of any beneficiary of such trust, the district court of the county wherein such trustee resides or has his place of business, shall consider the application to confirm the appointment of the trustee and specify the manner in which he shall qualify. Thereafter such district court shall have jurisdiction of such trust as a proceeding in rem."

proceedings. The right of the trustee to hold and manage the estate as long as it remains faithful to the purposes of the trust has been characterized as a valuable one which cannot be confiscated except for an abuse or violation of its duties, and then only on the petition of an interested party "after due notice and an opportunity to be heard." Ex parte Kilgore, 120 Ind. 94, 98, 22 N. E. 104, 106. More recently, the Indiana court has held that removal of a trustee sua sponte without specific charges and without notice and an opportunity to be heard was a proceeding beyond the jurisdiction of the court. State ex rel. Anderson-Madison etc. v. Superior Court, 245 Ind. 371, 381, 199 N. E. (2d) 88, 93. The Illinois courts have dealt with similar problems in Wheeler v. Paddock, 293 Ill. App. 395, 12 N. E. (2d) 687, and in Chicago Title & Trust Co. v. Rogers Park Apartments Bldg. Corp. 375 Ill. 599, 32 N. E. (2d) 137. The Wheeler case held that before a trustee may be removed there must be entry of a rule of court against him or a petition and notice to the trustee and the beneficiaries. In the Chicago Title case an order which the court described as without precedent directed the trustee to assign the trust assets to the clerk of court, sua sponte. There was no complaint, charge of insecurity, misconduct, or wrongful dealing, and no notice to interested parties. The court held that the order was void for want of due process.[5] We reach the same conclusion here.

■ At the time the July 30 order was entered, the articles of The Hormel Foundation did not expressly authorize it to act as trustee of the Hormel family trusts. That deficiency was corrected the following day by the resolution to which reference has been made. Nevertheless, at the time the Foundation was removed, the court had before it no facts which justified the precipitous action it took. Decisions cited in support of the right to remove a trustee uniformly involve active wrongdoing. Goncelier v. Foret, 4 Minn. 1 (13); Clark v. Stanton, 24 Minn. 232, 244; Doerr v. Warner, 247 Minn. 98, 109, 76 N. W. (2d) 505, 514. The settlors of the Hormel family trust had designated the Foundation as its trustee in the year 1941. "The court will not ordinarily remove a trustee named by the

[5] See, also, In re Meyer, 35 N. J. 160, 171 A. (2d) 305; 2 Scott, Trusts (3 ed.) § 107, note 20; Bogert, Trusts and Trustees (2 ed.) § 523, note 25.

settlor upon a ground existing at the time of his appointment and known to the settlor and in spite of which the settlor appointed him, although the court would *not* have appointed him trustee." Restatement, Trusts (2d) § 107, comment *f.* To the same effect is 2 Scott, Trusts (3 ed.) § 107.1. As we have pointed out, the court itself had confirmed the appointment and had qualified the trusts and for 13 years had supervised their administration under the same trustee it summarily removed on July 30.

We decline to hold that the district court may not, under any circumstances, remove a trustee on its own motion. Bogert, Trusts and Trustees (2 ed.) § 522, note 15.5; 3 Scott, Trusts (3 ed.) § 200.4. Minn. St. 501.43 authorizes the court to act on the complaint of an interested person. Nevertheless, there may be infrequent and unusual instances where the integrity of a trust is in immediate jeopardy and the court must peremptorily remove the trustee on its own motion to protect the assets. This was not such a case.

A corollary to the rule governing the removal of trustees on the court's own motion is one which makes it equally improper for a judge to appoint himself successor trustee. Situations may arise where the management of the trust vests in the court as a matter of law. Sections 501.41 and 501.44 provide as follows:

"Upon the death of the surviving trustee of an express trust, the trust estate shall *not* descend to his heirs, nor pass to his personal representatives; but the trust, if then unexecuted, shall vest in the district court with all the powers and duties of the original trustees, *and shall be executed by some person appointed for that purpose,* under the direction of the court." (Italics supplied.)

"The district court has full power to appoint a new trustee in place of one deceased, resigned, or removed; and when, in consequence of such death, resignation, removal, or other cause, there is *no acting trustee,* the court, in its discretion, may appoint a trustee, *or cause the trust to be executed by one of its officers* under its direction; and when any person other than the trustee originally named, or appointed by a court of this state, has in good faith done any act in execution of the trust, the court may confirm such act." (Italics supplied.)

As we construe these statutes, the court's authority is limited to appointing a new trustee to execute the trust under the court's direction. We do not understand the words "some person," referred to in § 501.41, or "one of its officers," mentioned in § 501.44, to include a judge of the district court.[6] State ex rel. Flodin v. District Court, 222 Minn. 546, 559, 25 N. W. (2d) 692, 699. We have said (McLaughlin v. Minnesota Loan & Trust Co. 192 Minn. 203, 210, 255 N. W. 839, 842):

"* * * It is but a statutory precaution that, upon a vacancy arising in a trusteeship, the trust estate may vest in the district court (2 Mason Minn. St. 1927, § 8103), which thereby may become a temporary repository of title, but in such qualified fashion and for such special and temporary purposes that there can be no valid suggestion that liability of the court or its judges would arise under the covenants of a lease which happened to be part of the trust property."

It would be anomalous and unseemly for judges of the district court to pass judgment on their own administration, however brief the duration. It was particularly improvident in the case before us where the judges ordered that the trust assets be registered in their names and be held in the custody of the clerk of court. The effect of that order was to vest in the judges control of one of Minnesota's largest industries with all of the legal and economic implications which such control suggests.[7] The order gave no heed to the provisions of 16 of the trusts which expressly named successor trustees. For these reasons, we hold the order was an abuse of discretion.

---

[6] We do not suggest any impropriety in a district judge's acting as a trustee of a private trust in his individual capacity as distinguished from his judicial capacity where he does not appoint himself, more particularly if he has a personal interest in the trust and acts with the knowledge and consent of the beneficiaries.

[7] There are 2,380,248 shares of Hormel Company common stock outstanding. Of this amount, the Foundation owns outright 239,258 shares and holds 875,110 shares as trustee for family trusts in which the Foundation has a vested remainder. In addition, the Foundation holds 245,906 shares where the Foundation has a contingent remainder, the inclusion of which gives it a controlling interest in the Hormel Company.

■ The district court judges challenge in their brief the right of a charitable trust to act as trustee of private trusts, the income of which is payable to others. We hold that where the articles authorize it to so act, a charitable corporation has such power.[8] Under § 317.16, a nonprofit corporation has broad authority and "the capacity to act possessed by natural persons."

"* * * [A] charitable corporation may hold property upon a private trust, as for example where property is transferred to it in trust to pay the income or a part of the income to the settlor or a third person for life and thereafter for charitable purposes." 2 Scott, Trusts (3 ed.) § 96.3.

The rule thus announced is peculiarly applicable to the case at hand if, as the trustee alleges, it is a vested or contingent remainderman of the family trusts which it administers.[9] Under such circumstances, unless an actual conflict of interest arises between the Foundation as trustee and the Foundation as remainderman, we see no impropriety in the Foundation's managing the various trusts. In a similar situation a New York court held in Robb v. Washington & Jefferson College, 103 App. Div. 327, 352, 93 N. Y. S. 92, 106 (modified and affirmed on other grounds in 185 N. Y. 485, 78 N. E. 359):

"* * * It is a general rule that a charitable corporation cannot act as a trustee in a matter in which it has no interest, but where it has an interest, either in the principal or in the income, it may act as trustee for another or others having an interest in the whole or part of the income for life."

The continuance of the Foundation as trustee is fortified, as we have indi-

---

[8] Under Minn. St. 317.62, if a nonprofit corporation exceeds or abuses its authority or powers, the attorney general may institute proceedings to terminate the corporate existence. However, he must give the corporation 30 days in which to take corrective measures before he files the petition.

Section 501.12, subd. 3, provides in part: "* * * The attorney general shall represent the beneficiaries in all cases arising under this section and it shall be his duty to enforce such trusts by proper proceedings in the courts."

[9] The trial court asserts that five of the trusts do not contain such remainders.

cated, by the fact the various settlors of the Hormel family trusts selected it for that responsibility.

It is not our intention to foreclose all further inquiry into the propriety of the Foundation's continuing to act if circumstances arise, or are present and not disclosed by the record, making a change of trustees desirable. However, the wishes of the settlors and beneficiaries in reaching such a decision are entitled to great weight.

The order of July 30, signed by Judge Plunkett and Judge Foley is accordingly vacated, and the alternative writ of prohibition signed by this court on August 2, 1968, is herewith made absolute.