STATE v. VICTORIA MARTIN DAILEY.
STATE v. JANICE JOHNSON NORMAN.

169 N. W. (2d) 746.

July 25, 1969—Nos. 41311, 41743.

*Ellis Olkon, Sheldon Joseph Eviden,* and *Olkon, Olkon & Eviden,* for appellants.

*Douglas M. Head,* Attorney General, *Keith M. Stidd,* City Attorney, and *David J. Kuebelbeck,* Assistant City Attorney, for respondent.

*John S. Connolly* and *Lynn Castner,* for Minnesota Civil Liberties Union, amicus curiae.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

Defendants in these two cases, consolidated upon appeal, were convicted of prostitution in violation of a municipal ordinance.[1] The issue common to both appeals, considered first, is whether the municipal ordinance is ineffective on the ground that it has been preempted by a state statute regulating the same subject.[2] Issues not common to both cases but dispositive of the present appeals are considered in separate paragraphs of this opinion.

■ We hold that the municipal ordinance under which defendants were convicted is not preempted by the state statute. Prostitution is one of the vices which historically has been of peculiar concern to our large cities. The Minneapolis City Charter, reflecting this concern, by c. 4, § 5, empowered its council to enact ordinances "for the suppression of vice" and "[t]o restrain and punish vagrants, mendicants, street beggars and prostitutes." Although the charter is not itself a legislative enactment, and is operative only in harmony with state law, there is nonetheless a legislative manifestation of intent to grant the city power commensurate with its substantial problem.

---

[1] Minneapolis Code of Ordinances, § 870.110, under which each was convicted, provides: "No female, in any public or private place, shall offer or submit her body indiscriminately for sexual intercourse, whether or not for a consideration."

[2] The Criminal Code of 1963 includes prostitution within its division on sex crimes. Minn. St. 609.32, subd. 1(1), defines this crime as "engaging or offering or agreeing to engage for hire in sexual intercourse, * * *."

We are aware that there are differences between the ordinance and the statute. The significant difference is that violation of the ordinance is a misdemeanor, whereas violation of the statute is a gross misdemeanor.[3] The resulting difference in procedure and penalty does create some problems, to be sure, as we experienced in State v. Anderson, 280 Minn. 461, 159 N. W. (2d) 892. We do not have any problem, however, of a municipality undertaking by ordinance to prohibit activities that the state by statute would permit, or vice versa. It has been generally understood that the objective of each is to stamp out this persistent vice and that the state, in aid of its municipalities, has aimed at the hard-core purveyors of sex-for-hire. As in City of Duluth v. Evans, 158 Minn. 450, 452, 197 N. W. 737, where a statute punished violations of liquor restrictions more severely than violations of similar restrictions under municipal ordinance, this court has recognized that such an ordinance may be sustained as "an important adjunct in preserving the standard of regulation as moulded by the general law."

We take judicial notice that our legislature has in this recent decade moved on several fronts to assist, but not to replace, local government in meeting the extraordinary needs of the metropolitan area, such as the elimination of conditions which diminish the quality of urban life. We are averse, in these circumstances, to hold that the legislature contemplates its own regulation to exclude municipal regulation, without most clear manifestation of such intent. It is imperative, if we are to give

---

[3]There are, as defendants note, other differences in the two enactments. The statute apparently applies to both male and female prostitutes and then only if the illicit act is "for hire"; the ordinance, on the other hand, applies only to a "female" who offers or submits her body "indiscriminately * * *, whether or not for a consideration." We view these differences, under all the realities of the trade, as rather insignificant. We are not aware that the ordinance has ever been invoked against a male, and, as stated by the municipal court, "Records reveal quite clearly that prostitutes aren't soliciting or offering their bodies excepting for a consideration."

faithful effect to legislative intent, that the legislature should manifest its preemptive intent in the clearest terms. We can be spared the sometimes elusive search for such intent if it is declared by express terms in the statute. And where that is not done in the enactments of future legislatures, we shall be increasingly constrained to hold that statutes and ordinances on the same subject are intended to be coexistent.

■ Defendant Victoria Martin Dailey, having been convicted in municipal court, duly appealed to the Hennepin County District Court.[4] In the middle of the afternoon of February 21, 1968, apparently to the surprise of both the prosecutor and the defendant, trial was set for February 23, 1968, before the Honorable Tom Bergin. In the late afternoon of February 21 defendant made an unopposed motion for a continuance, which Judge Bergin summarily denied. Shortly before the opening of court on February 23, after the intervening legal holiday, defendant filed an affidavit of prejudice against Judge Bergin, as provided by Minn. St. 542.16. This, too, was rejected, and defendant was compelled to stand trial before Judge Bergin and a jury. The timeliness of defendant's affidavit of prejudice is conceded by the state. The court's refusal to honor this affidavit of prejudice was unwarranted. In re Trusts Created by Hormel, 282 Minn. 197, 163 N. W. (2d) 844; Jones v. Jones, 242 Minn. 251, 64 N. W. (2d) 508. We must accordingly reverse the conviction and order a new trial.

■ Defendant Janice Johnson Norman, who was "tab charged," moved the Honorable David Leslie for dismissal on the ground that the ordinance was invalid because preempted by statute. The charge was dismissed. Although the nature of this dismissal was not entirely clear in the record, at the time of oral argument it was made clear that the dismissal was, as it was intended to be, with prejudice. A written complaint charging the same offense was thereafter filed against de-

---

[4] See, Minn. St. 488A.10, subd. 6, and 488.20.

fendant. Defendant moved the Honorable Richard Kantorowicz to dismiss the new charge because of this prior determination upon the merits by Judge Leslie. The motion was denied and defendant was thereafter tried before the Honorable Chester Durda. Defendant entered a plea of not guilty but stipulated to the truth of the allegations in the complaint, whereupon she was convicted.

We hold that defendant Norman was not properly tried and convicted under the subsequent written complaint. This is not a situation where a tab charge is dismissed merely upon the insistence of a defendant that she be charged under written complaint. It is, instead, a situation where the tab charge has been dismissed upon substantive grounds and the same issue is thereafter submitted to the determination of a different judge of the same court. Although the situation in this case apparently arose because of a misunderstanding as to the finality of the disposition by Judge Leslie and was not solely an effort to circumvent his decision, public policy dictates that this prosecution in that court was, as it must be, ended.

Reversed and new trial ordered in No. 41311; reversed in No. 41743.