STATE of Minnesota, Appellant,

v.

APPLE VALLEY REDI-MIX, INC., Respondent.

No. CX-85-638.

Court of Appeals of Minnesota.

Dec. 17, 1985.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Keith J. Halleland, Minneapolis, for appellant.

Jeffrey G. Stephenson, St. Paul, for respondent.

Heard, considered and decided by HUSPENI, P.J., and FOLEY and FORSBERG, JJ.

## OPINION

HUSPENI, Judge.

Respondent Apple Valley Redi-Mix, Inc. (Redi-Mix) was charged with violating St. Louis Park's air pollution and public nuisance ordinances for allegedly emitting cement dust from its ready mix facility in St. Louis Park. The trial court dismissed the charges against Redi-Mix on the grounds that the ordinances conflict with the Minnesota Pollution Control Act, Minn.Stat. §§ 116.01–.45 (1984). The State appeals the trial court's dismissal. Redi-Mix seeks review of the trial court's ruling that St. Louis Park's air pollution and public nuisance ordinances are not unconstitutionally vague. We affirm.

## FACTS

Redi-Mix was charged with violating St. Louis Park Ordinances §§ 11–102(9) and 11–205 on June 18, 1984, for allegedly illegally emitting cement dust from its ready mix facility. The relevant portions of the St. Louis Park Ordinances are as follows:

*Section 11–101. Nuisances Defined.* Any person who shall knowingly cause or create any nuisance, or permit any nuisance to be created, or to be placed upon, or to remain upon, any premises owned or occupied by him or them shall be guilty of a misdemeanor.

A nuisance is a thing, act, occupation or use of property which:

(1) Shall annoy, injure, or endanger the safety, health, comfort, or repose of the public.

\*     \*     \*     \*     \*     \*

*Section 11–102. Nuisances Affecting Health.* The following are hereby declared to be nuisances affecting health:

\*     \*     \*     \*     \*     \*

(9) Dense smoke, noxious fumes, gas and soot, dust or cinders in such quantities as to render the occupancy of property uncomfortable to a person of ordinary sensibilities.

\*     \*     \*     \*     \*     \*

*Section 11–204. Air Pollution and Causes Thereof Declared to be A Nuisance.* Air pollution and its causes are hereby declared to be a public nuisance. For any person within the corporate limits of the City to cause, permit or allow emission of air contaminants, including but not limited to dust, fumes, gas, mist, odor, vapor, smoke, particulate matter or combinations thereof, from any process, process equipment, refuse-burning equipment, fuel-burning equipment, control equipment, or from any opening of any building, or from any other source whatsoever, within the limits of said City, in such manner or place as to be or tend to be injurious to human health or welfare, or injurious to human, plant or animal life or property or the conduct of business, or to cause damage to property or business is hereby declared to be a public nuisance.

*Section 11–205. Public Nuisance Prohibited.* Any person who shall commit, cause, or create a public nuisance or permit any public nuisance to be created, or to be placed upon, any premises owned or occupied by him or them, as declared, defined, and prohibited in this ordinance, shall be guilty of a misdemeanor.

St. Louis Park, MN, Ordinances §§ 11–101, –102(9), –204, –205 (1976).

Redi-Mix moved to dismiss the charges on the grounds (1) that the ordinances which it was charged with violating conflicted with the Minnesota Pollution Control Act (MPC Act), Minn.Stat. §§ 116.-01–.45 (1984), and (2) that the ordinances were void for vagueness. The trial court determined that the ordinances were constitutional, but it dismissed the charges on the grounds that the ordinances in issue conflicted with the MPC Act and, therefore, were invalid.

## ISSUE

Did the trial court err in dismissing the charges against respondent?

## ANALYSIS

The State contends that the trial court erred in determining that the ordinances in issue here conflict with the MPC Act.[1]

The MPC Act's general policy statement is:

To meet the variety and complexity of problems relating to water, air and land pollution in the areas of the state affected thereby, and to achieve a reasonable degree of purity of water, air and land resources of the state consistent with the maximum enjoyment and use thereof in furtherance of the welfare of the people of the state, it is in the public interest that there be established a pollution control agency.

Minn.Stat. § 116.01 (1984). The MPC Act further gives the Minnesota Pollution Control Agency authority to adopt air quality standards. With respect to air quality standards, the statute directs:

No local government unit shall set standards of air quality which are more stringent than those set by the pollution control agency.

Minn.Stat. § 116.07, subd. 2 (1984).

The Minnesota Pollution Control Agency has adopted air quality standards pursuant to the MPC Act. *See* Minn.R. ch. 7005 (1983). An air quality standards table specifies maximum allowable quantities (parts per million or grams per cubic meter) for each air contaminant. Minn.R. 7005.0080 (1983).

The trial court determined that the ordinances in issue conflicted with the MPC Act because there is no quantifiable measurement set forth in the ordinances to determine whether their air quality standards are more stringent than the ambient air quality standards set forth in the MPC Act.

In *Mangold Midwest Co. v. Village of Richfield,* 274 Minn. 347, 143 N.W.2d 813 (1966), the Minnesota Supreme Court enunciated the general principles applicable to this case:

(a) As a general rule, conflicts which would render an ordinance invalid exist only when both the ordinance and the statute contain express or implied terms that are irreconcilable with each other.

(b) More specifically, it has been said that conflict exists where the ordinance permits what the statute forbids.

(c) Conversely, a conflict exists where the ordinance forbids what the statute *expressly* permits. * * *

(d) * * * [N]o conflict exists where the ordinance, though different, is merely additional and complementary to or in aid and furtherance of the statute.

247 Minn. at 352, 143 N.W.2d at 816–17 (citations omitted) (emphasis in original).

In the present case, the question is whether the ordinances in issue forbid

---

1. We note that the issue in this case is not preemption, rather it is whether a local ordinance conflicts with state law. Thus, *State v.* *Dailey,* 284 Minn. 212, 169 N.W.2d 746 (1969), which is a preemption case, is not applicable here.

what the statute permits. The ordinances do not describe any quantifiable air quality standard. The ordinances could set a more stringent air quality standard than the Minnesota Pollution Control Agency, thereby violating both the *Mangold* principle and the statutory mandate in Minn.Stat. § 116.-07, subd. 2. St. Louis Park could very well prosecute under its ordinances a party who is in compliance with the standards set forth in the MPC Act. This conflict renders the ordinances in issue invalid. Thus, we conclude that the trial court properly dismissed the charges against Redi-Mix.

Since we hold that the charges against Redi-Mix were properly dismissed, we need not address the "void for vagueness" issue raised by Redi-Mix.

### DECISION

The trial court properly dismissed the charges pending against Redi-Mix since the ordinances which Redi-Mix was charged with violating conflict with state law.

Affirmed.