**In re the Marriage of John William ZWEBER, Petitioner,**

v.

**Bobbi Jean ZWEBER, Respondent.**

**No. C5–89–23.**

Court of Appeals of Minnesota.

Feb. 7, 1989.

Review Denied March 29, 1989.

Ralph Palmer, Roseville, for petitioner.

Debra E. Yerigan, Brooklyn Park, for respondent.

Considered at Special Term and decided by PARKER, P.J., and LANSING and RANDALL, JJ., without oral argument.

## SPECIAL TERM OPINION

PARKER, Judge.

### FACTS

The parties stipulated to a temporary order in their dissolution proceeding. Respondent's counsel submitted the stipulation and a proposed order to the court administrator for reference to a judge for signature. The trial judge reviewed the documents and wrote to counsel, directing them to revise the submissions to include financial information supporting the award of child support and additional information of the propriety of joint physical custody. Petitioner's counsel then sought to remove the judge. The notice to remove was rejected as untimely and petitioner seeks a writ of prohibition to prevent the judge from further considering the matter.

### DECISION

■ Prohibition is the appropriate remedy where a trial judge has refused to honor a properly filed notice to remove. *McClel-*

land v. Pierce, 376 N.W.2d 217, 219 (Minn. 1985).

A party may serve and file a notice to remove "within ten days after the party receives notice of which judge is to preside at the trial or hearing, but not later than the commencement of the trial or hearing." Minn.R.Civ.P. 63.03.[1] A notice to remove may not be filed "against a judge who has presided at a motion *or any other proceeding* of which the party had notice." *Id.* (emphasis added). Such a judge may be removed only upon an affirmative showing of prejudice. *Id.*

Rule 63.03 was revised in 1985. The advisory committee note indicates the revisions were intended "to make it clear that a party must file a notice to remove with respect to any individual judge the first time that judge presides in an action." In addition, "[t]he Committee also determined that a decision to remove a judge should be made before any proceedings before that judge take place, and the period in which the judge may be removed therefore ends absolutely at the time the trial or hearing commences."

■ A notice to remove may not be used to obtain "a more desirable forum" after a judge has once considered some aspect of the case. *See Schack v. Schack,* 354 N.W.2d 871, 874 (Minn.Ct.App.1984). The effect of removal is to preclude the judge's participation in the decision-making process, as well as the issuance of further orders. *In re Trusts Created by Hormel,* 282 Minn. 197, 203, 163 N.W.2d 844, 849 (1968). The trial judge in this case had already taken the matter of temporary relief under submission and begun the decision-making process. We therefore hold the agreed upon submission of the stipulation and proposed order for approval by a judge constituted a motion, hearing, or proceeding within the meaning of Rule 63.03, and the right to remove the judge thus ended absolutely once the judge considered the submissions on the merits.

---

**1.** The notice to remove was filed in November 1988, and so this case is not affected by the revisions in the Rules of Civil Procedure which took effect on January 1, 1989. All quotations are, therefore, from the rules which became effective on July 1, 1985.

PETITION FOR WRIT OF PROHIBI-
TION DENIED.