# LLOYD E. FLANSBURG v. HAROLD M. GIZA, d.b.a. GIZA PLUMBING & HEATING AND ANOTHER. VAL BJORNSON, STATE TREASURER, CUSTODIAN OF THE SPECIAL COMPENSATION FUND.

169 N. W. (2d) 744.

July 25, 1969—No. 41222.

*Kenneth B. Jones, Jr.,* and *O'Connor, Green, Thomas, Walters & Kelly,* for relators.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *John W. Romine,* Special Assistant Attorney General, for state treasurer.

*Raymond W. Fitch,* amicus curiae.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

PETERSON, JUSTICE.

A disputed construction of the so-called "second injury" provisions of the Workmen's Compensation Act is presented for resolution by certiorari to review an order of the Workmen's Compensation Commission. Minn. St. 176.131 provides:

"Subdivision 1. If an employee incurs personal injury and suffers disability that is substantially greater, because of a pre-existing physical impairment, than what would have resulted from the personal injury alone, the employer shall pay all compensation provided by Minnesota Statutes, Chapter 176, but he shall be reimbursed from the special compensation fund for all compensation paid in excess of 26 weeks of monetary benefits and $1,000 in medical expenses, subject to the following exceptions:

"(a) If the personal injury alone results in permanent partial disability to a scheduled member under section 176.101, the monetary and medical expense limitations shall not apply and the employer shall be liable for such compensation, medical expense, and retraining attributable to the permanent partial disability, and he may be reimbursed from the compensation fund only for compensation paid in excess of such disability.

"Subd. 2. If the employee's personal injury shall result in disability or death, and if the injury, death, or disability would not have occurred except for the pre-existing physical impairment, the employer shall pay all compensation provided by Chapter 176, but shall be reimbursed from the special compensation fund for all such compensation."

The controlling fact situation to which this statutory section applies may be briefly isolated. Lloyd E. Flansburg, employee, sustained a work-connected knee injury in 1962, at which time his employer was insured by Bituminous Casualty Corporation. He sustained a second injury in 1965 while in the employ of

another employer, who was insured by Iowa Mutual Insurance Company. Dr. Kenath Sponsel, the only medical witness, testified in substance to his opinion that the second disabling injury would not have resulted "but for" the preexisting disability from the first injury; that is, that the subsequent injury would not have occurred "had he not had this ligament abnormality [a regeneration of false tissue, a scar-like meniscus] or instability about the knee" as a result of the first injury.

We construe subds. 1 and 2 to mean: (1) If the second accident is such that it would itself produce a disabling result—but the extent of the injury is substantially greater because of the preexisting disability resulting from the prior accident—the second injury is compensable under the first subdivision. (2) If the second accident is such that it would not itself result in disability (or death)—and the disabling (or fatal) result occurs only because of the preexisting disability—the second injury is compensable under the second subdivision. The employer-insurer who asserts the benefit of either alternative has, we hold, the burden of proving the determinative fact making the asserted alternative applicable, which is the kind of fact that ordinarily requires proof by competent medical evidence.

The commission ordered reimbursement to the employee's second employer and its insurer, Iowa Mutual, only under subd. 1, based upon its conclusion that they had not established that the first disabling injury was the "proximate cause" of the subsequent disabling injury. The commission's restrictive reading of subd. 2 was accompanied by an unsupported finding that the employee was at the time of the second injury performing an "act of significant stress" and that such stress "was a significant factor of causation." It was unsupported in that the commission declined fully to credit the unopposed expert testimony of the sole medical witness, asserting that his opinion "must be interpreted and applied in light of the facts." Although the commission necessarily must resolve issues posed by differences in medical opinions, it was not free to disregard the unopposed

medical testimony which supported a finding prerequisite to the application of subd. 2.

Reversed.