RODNEY GRIER v. CONSUMERS SERVICES, INC., AND ANOTHER.
STATE TREASURER, CUSTODIAN OF SPECIAL COMPENSATION FUND.

198 N. W. 2d 281.

June 2, 1972—No. 42653.

*Robb, Van Eps & Gilmore* and *George R. Benton,* for relators.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, and *Winston Ehlmann,* Special Assistant Attorney General, for respondent state treasurer.

Heard before Murphy, Peterson, Kelly, and Nelson, JJ.

PETERSON, JUSTICE.

We review by certiorari a decision of the Workmen's Compensation Commission under the second-injury provisions of the statute. Minn. St. 1969, § 176.131. Employer Cronstroms Heating & Air Conditioning Co., Inc., and its insurer, Argonaut Insurance Company, as relators, contend that the commission's decision granting reimbursement only under subd. 1 and not subd. 2 of § 176.131, was without a reasonable basis in the evidence.

Relators specifically contend that, contrary to our direction in Flansburg v. Giza, 284 Minn. 199, 169 N. W. 2d 744 (1969), the commission impermissibly disregarded unopposed medical testimony on the second-injury issue in making its decision. We think the situation in Flansburg is distinguishable on this point and accordingly affirm.

The "first injury" to the employee, was a back injury, which occurred on January 9, 1952, while he was employed by Consumers Services, Inc. He was compensated for this injury under the statute, which included a 10-percent permanent partial disability. Although he experienced occasional back difficulty from then until his second injury more than 13 years later, he never considered it serious enough to consult a physician and felt that his back steadily improved. The "second injury," again a back injury, occurred on September 21, 1965, while the employee was engaged in light work for his new employer, relator Cronstroms.

The issue turns upon the testimony of two expert medical witnesses: Dr. William Leslie, the physician who treated the em-

ployee for the second injury and testified on his behalf, and Dr. David Nelson, a physician who examined the employee once in order to give testimony on the employer's behalf. Dr. Nelson testified to his expert opinion that the 1965 injury was but a continuation of the 1952 injury and that, without question, the second injury would not have occurred but for the preexisting abnormality caused by the first injury; in short, an injury for which compensation was reimbursable under subd. 2 of § 176.131. Dr. Leslie testified to his opinion that the second injury was a new injury; in short, reimbursable under subd. 1. When relator's counsel on cross-examination asked Dr. Leslie whether the employee would have injured his back in 1965 had it not been for his preexisting abnormality, he responded: "I can't answer that * * * I haven't the faintest idea."[1]

This is not, as in Flansburg v. Giza, *supra,* a case in which "the commission declined fully to credit the unopposed expert testimony of the sole medical witness, asserting that his opinion 'must be interpreted and applied in light of the facts.'" 284 Minn. 201, 169 N. W. 2d 746. It is, instead, a case where the commission fully considered the expert testimony of medical witnesses on both sides of the issue, interpreting their testimony in the light of the expert medical testimony of each physician. Dr. Leslie's testimony could literally be understood, on the one hand, as an acknowledgment that he had no medical opinion on the critical issue of whether the 1965 disabling injury occurred

---

[1] "Q. [Counsel for relator] * * * The question is this: Assuming that this man had had a normal back on September 21, 1965, or assume that he did the work that he was talking about on the ladder on September 21, 1965. This is the assumption if he had a normal back that this man as of the time of these alleged occurrences, assuming he did this same work, my question is, isn't it probable that if he had had a normal back at that time he probably wouldn't have incurred that symptomatology or those problems?

"A. I can't answer that.

"Q. You don't know one way or the other?

"A. I haven't the faintest idea."

only because of the preexisting 1952 disabling injury; but it could on the other hand reasonably be understood as an expression of his expert opinion that any other expressed opinion would be merely speculative and not based on any reasonable medical certainty. The commission in not crediting Dr. Nelson's expressed opinion implicitly adopted the latter interpretation.

The employer-insurer who asserts the benefit of subd. 2 rather than subd. 1, as we held in Flansburg (284 Minn. 201, 169 N. W. 2d 746), has "the burden of proving the determinative fact making the asserted alternative applicable, which is the kind of fact that ordinarily requires proof by competent medical evidence." The medical fact in issue may be considered unproved if the expert witness himself acknowledges that he cannot with reasonable certainty say whether the fact is true or not, and it may likewise be considered unproved where an expert witness, no less competent, in effect disputes or casts reasonable doubt on the other's opinion that the fact is true. The commission in these circumstances was not compelled fully to credit either opinion and could conclude that the employer-insurer had not sustained its burden of proving the determinative fact.

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.