DONALD FRANKLIN v. VICTORIA ELEVATOR COMPANY
AND ANOTHER.
STATE TREASURER, CUSTODIAN OF THE SPECIAL
COMPENSATION FUND.

206 N. W. 2d 555.

April 13, 1973—No. 43306.

*Robb, Van Eps & Gilmore* and *George R. Benton,* for relators.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, and *Winston Ehlmann,* Special Assistant Attorney General, for respondent treasurer.

PER CURIAM.

Certiorari to review a decision of the Workmen's Compensation Commission denying employer reimbursement from the special compensation fund. The employee suffered an injury to his back in September 1968. The commission found that the injury was "in the nature of a muscular and ligamentous strain of the upper lumbar spine." About 2 months after the injury, the employee returned to work and continued performing his usual heavy work. The employee sustained a second injury while working for the same employer in March 1969. This injury was more serious and consisted of a prolapsed disc of the lower back and also an injury to his left knee.

In this appeal employer is asserting its right to reimbursement as provided under Minn. St. 1969, § 176.131. To be entitled to reimbursement under the statute, the burden is on the employer to prove that the second injury was substantially greater because of the impairment resulting from the first injury. Flansburg v. Giza, 284 Minn. 199, 169 N. W. 2d 744 (1969).

In its opinion upholding the order of the compensation judge the commission stated: "There is little in the testimony of the employee and little in the medical reports relative to the September 11, 1968 accident that leads one to believe that because of any pre-existing physical impairment caused by that accident the employee's injury of March 14, 1969 caused him to be substantially greater disabled."

Examination of the record discloses the evidence sustains the findings of the commission.

Affirmed.