ROBERT V. TUOMELA v. RESERVE MINING COMPANY.
STATE TREASURER, CUSTODIAN OF THE
SPECIAL COMPENSATION FUND.

216 N. W. 2d 638.

March 29, 1974—No. 44063.

*Sullivan, Hanft, Hastings, Fride & O'Brien* and *William M. Burns,* for relator.

*Warren Spannaus,* Attorney General, *Curtis Forslund,* Solicitor General, and *Kenneth McCoy,* Special Assistant Attorney General, for respondent state treasurer.

*Reavill, Neimeyer, Johnson, Fredin, Killen & Thibodeau* and *Thomas R. Thibodeau,* for respondent Travelers.

PER CURIAM.

Relator-employer, Reserve Mining Company, by writ of certiorari seeks review of a decision of the Workmen's Compensation Commission denying relator's claim for reimbursement from the Special Compensation Fund pursuant to Minn. St. 176.131, subd. 1. We affirm.

While employed by relator, Robert Tuomela sustained a work-connected leg injury in 1956. In 1968, while still employed by relator, Tuomela suffered a back injury. Relator, a self-insurer, contends that, because of the preexisting leg injury, Tuomela suffered a substantially greater disability in 1968 than he would have from the subsequent back injury alone. Dr. Meyer Z. Goldner, the only medical witness, testified that in his opinion Tuomela's disability was substantially greater because of the combination of his preexisting leg injury and subsequent back injury.

Relying on our statement in Flansburg v. Giza, 284 Minn. 199, 201, 169 N. W. 2d 744, 746 (1969), relator argues Dr. Goldner's opinion is conclusive upon the trier of fact. In that case the commission declined to fully credit the sole medical expert's opinion, and we said:

"* * * Although the commission necessarily must resolve issues posed by differences in medical opinions, it was not free to disregard the unopposed medical testimony * * *."

The instant case is somewhat different from the situation in Flansburg. Unlike Flansburg, this case lacks any indication that either the compensation judge or the commission on appeal disregarded or declined to fully credit the medical testimony. Also, unlike Flansburg, the testimony of Tuomela and the medical witness provides support for the commission's decision. The commission, in its memorandum, stated that the testimony of both Tuomela and Dr. Goldner supports a finding that the back injury alone was severe enough to cause Tuomela's permanent total disability. Furthermore, in Flansburg, we did not say that expert testimony was conclusive upon the trier of fact. We said that such testimony could not be disregarded.

Since the testimony by Tuomela and the medical witness supports the commission's ruling that the present disability is not substantially greater as a result of a preexisting leg injury, relator has not met the burden of proving the determinative fact prerequisite to reimbursement from the Special Compensation Fund under § 176.131, subd. 1. Section 176.131, subd. 1, provides:

"If an employee incurs personal injury and suffers disability that is substantially greater, because of a pre-existing physical impairment, than what would have resulted from the personal injury alone, the employer shall pay all compensation provided by chapter 176, but he shall be reimbursed from the special compensation fund for all compensation paid in excess of 52 weeks of monetary benefits and $2,000 in medical expenses * * *."

Before the relator may be reimbursed, this provision requires the commission to find that the leg injury, when coupled with the back injury, resulted in a substantially greater disability. No such finding was made by the commission. In Flansburg, we construed the provision to mean:

"* * * If the second accident is such that it would itself produce a disabling result—but the extent of the injury is substantially greater because of the preexisting disability resulting from the prior accident—

the second injury is compensable under the first subdivision." 284 Minn. 201, 169 N. W. 2d 746.

In failing to show that the back injury alone was not so severe in and of itself as to cause the employee to be permanently and totally disabled, relator has failed to meet its burden of proof. Thus, no factual basis exists for reimbursement under § 176.131, subd. 1.

In view of the entire record, we determine that the commission's findings are supported by substantial evidence and are not manifestly contrary to the evidence. Strei v. Church of St. Joseph, 290 Minn. 565, 188 N. W. 2d 879 (1971); Richter v. Shoppe Plumbing & Heating Co. 257 Minn. 108, 100 N. W. 2d 96 (1959); Luthens v. Glencoe Red & White Store, 264 Minn. 26, 117 N. W. 2d 386 (1962).

Affirmed.

MR. CHIEF JUSTICE SHERAN took no part in the consideration or decision of this case.