JAMES D. OSTERKAMP v. CRAFTSMAN PRESS AND ANOTHER.
STATE TREASURER, CUSTODIAN OF SPECIAL
COMPENSATION FUND.

253 N. W. 2d 147.

April 15, 1977—No. 46911.

*Van Eps & Gilmore* and *Michael Forde,* for relators.

*Warren Spannaus,* Attorney General, and *Kenneth McCoy,* Special Assistant Attorney General, for respondent state treasurer.

PER CURIAM.

Certiorari to review a decision of the Workers' Compensation Board[1] denying relators, Craftsman Press and its insurer, Liberty Mutual Insurance Company, reimbursement from the Special Compensation Fund pursuant to Minn. St. 176.131, subd. 1. We affirm.

Employee injured his lumbar spine in an industrial accident in 1963. Pursuant to a stipulation he was awarded compensation for a 15-percent permanent partial disability of the back although his doctor rated the disability at 20 percent. In 1973, while in the employ of relator Craftsman Press, employee fell and sustained injury in the cervical, thoracic, and lumbar areas of his back. Relators have paid compensation and retraining benefits. The board denied their claim for reimbursement from the Special Compensation Fund on the grounds (1) that employee was not formally registered with the commissioner of the Department of Labor and Industry pursuant to Minn. St. 176.131, subd. 4, and (2) that employee's second injury had not resulted in substantially greater disability because of his prior physical impairment. We affirm on the second ground.

The board's finding that employee's physical impairment "was not formally registered with the Worker's Compensation Division as required by [§] 176.131, Subd. 4" must be rejected. Employee was "deemed to be registered" under Minn. St. 1969, § 176.131, subd. 4, and the provision for formal registration in the present subd. 4 cannot affect his status. Stangel v. Lakehead Const. Co. 306 Minn. 86, 235 N. W. 2d 200 (1975). Thus, denial of reimbursement cannot rest on lack of formal registration.

However, the board's finding that employee's disability of the lumbar spine following his 1973 injury was not substantially greater because of his prior physical impairment, if sustained, requires denial of reimbursement. The burden of establishing that the disability was substantially greater was upon relators. Flansburg v. Giza, 284 Minn. 199, 169 N. W. 2d 744 (1969). Our review of the record convinces us that relators did not meet this burden and that there is credible evidence to support the board's finding. Accordingly, the finding

---

[1] Now the Worker's Compensation Court of Appeals. L. 1976, c. 134, § 78.

and consequent denial of reimbursement must be affirmed. Grgurich v. Sears, Roebuck & Co. 301 Minn. 291, 223 N. W. 2d 120 (1974).

Affirmed.