Alfred PITTACK, Respondent,

v.

HANNA MINING COMPANY
(self-insured), Relator,

State Treasurer, Custodian of the Special Compensation Fund, Respondent.

No. 46863.

Supreme Court of Minnesota.

July 15, 1977.

Trenti, Saxhaug, Berger, Carey & Roche and Robert F. Berger, Virginia, for relator.

Warren Spannaus, Atty. Gen., Kenneth McCoy, Sp. Asst. Atty. Gen., St. Paul, for State Treasurer.

Alfred Pittack, pro se.

PER CURIAM.

Certiorari to review a decision of the Worker's Compensation Court of Appeals determining that relator, Hanna Mining Company, is not entitled to reimbursement

from the Special Compensation Fund for compensation paid Alfred Pittack after April 21, 1973. We affirm.

Employee, a diesel mechanic, twisted and seriously injured his left knee in an industrial accident while working for relator in October 1969. He returned to work in February 1970 and, except for an absence of about 5 weeks in the spring, worked until December 1970 despite considerable pain and discomfort. At that time, Dr. Harry Miller, an orthopedic surgeon, performed surgery to repair a tear in the medial meniscus of employee's knee. The surgeon found some minor degenerative changes in the medial joint. Employee's condition did not improve greatly and in September 1971, Dr. Miller, after diagnosing the condition as chondromalacia (abnormal softening of cartilage), performed a second operation. He then found significant degenerative changes in the undersurface of employee's kneecap. In the doctor's opinion, the significant cause of the degenerative condition was the 1969 injury.

Employee's recovery from the second operation was slow, but in September 1972, Dr. Miller informed relator that employee could return to work at a limited, "bench-type" job which would not require much walking or lifting of objects weighing more than 50 pounds. In October, employee unsuccessfully attempted more strenuous work. In December 1972, Dr. Miller rated employee as having a 25-percent permanent partial disability of the knee.

In January 1973, employee began the limited type of job Dr. Miller had recommended. In February, relator formally registered employee as physically impaired, pursuant to Minn.St.1971, § 176.131, subd. 4. Employee apparently had some difficulty walking but managed to do his work fairly well until April 1973. At that time relator closed down its plant for repairs. Employee was then required to do considerably more walking and to fill fire extinguishers from 50-pound kegs of powder. On one occasion he picked up a keg, and as he turned to place it on a cart, he twisted his knee. He said that he felt tremendous pain and that his knee never got better, although he continued to work for at least a week. On April 21, 1973, he consulted Dr. Miller, who told him he must quit work. In March 1975, Dr. Miller estimated that employee's permanent partial disability had increased to 30 percent.

After employee quit work, relator promptly began to pay compensation benefits. It sought reimbursement from the Special Compensation Fund under Minn.St. 176.131, subd. 1.[1] The compensation judge found that in April 1973 employee sustained a compensable personal injury resulting from "repetitive aggravation of his injured knee in the nature of excessive walking, lifting, and a twisting motion," and that the resulting disability was substantially greater because of his preexisting physical impairment. The Worker's Compensation Court of Appeals set these findings aside and found instead that employee did not sustain a new personal injury and that his present disability resulted from manifestations of his prior injury.

The basic issue before us is whether relator established that the disability sustained by employee in 1973 resulted from an injury which permits reimbursement from the Special Compensation Fund under § 176.-131, subd. 1. In *Flansburg v. Giza,* 284 Minn. 199, 201, 169 N.W.2d 744, 746 (1969), we construed § 176.131, subd. 1, to mean:

> " * * * If the second accident is such that *it would itself produce a disabling result*—but the extent of the injury is substantially greater because of the pre-existing disability resulting from the prior accident—the second injury is compensable * * *." (Italics supplied.)

1. Minn.St. 176.131, subd. 1, provides in pertinent part: "If an employee incurs personal injury and suffers disability that is substantially greater, because of a pre-existing physical impairment than would have resulted from the personal injury alone, the employer shall pay all compensation provided by this chapter, but he shall be reimbursed from the special compensation fund for all compensation paid in excess of 52 weeks of monetary benefits and $2,000 in medical expenses * * *."

Thus, if employee's work activities in 1973 would not have produced disability in the absence of his prior injury, relator is not entitled to reimbursement whether employee's present disability resulted in part from a new personal injury in 1973 or from manifestations of the prior injury.

Relator contends that the twisting incident in April 1973 was a personal injury which caused employee to suffer greater disability because of his preexisting physical impairment. Relator failed, however, to establish that the incident would have resulted in any disability in the absence of the prior injury. Dr. Miller was asked, "Do you have an opinion that his injury in April of 1973 would have occurred had it not been for his original injury?" He responded, "I think if he had not had the original injury, he would not have experienced that problem." The doctor's opinion in effect was that the incident, if it had occurred in the absence of a prior injury, would not have resulted in disability.

Dr. Miller also testified that employee's excessive workload and increased walking after the plant closed down "essentially comprised the second injury" to employee's knee. The doctor conceded that he could not state to a reasonable degree of medical certainty how much of the increase in employee's disability was due to employee's specific work activity in April 1973 and said it could be the result of all of his activities and "the normal course of degenerative disease." Nothing in his testimony suggests that the increased workload and increased walking would have caused employee disability in the absence of the physical impairment resulting from his prior injury. Consequently, relator has not established that it is entitled to reimbursement under § 176.131, subd. 1.

Affirmed.