**Sharon K. CLARK, Petitioner,**

v.

**Joan Anderson GROWE, Secretary of State of the State of Minnesota, Respondent.**

**No. C9–90–2346.**

Supreme Court of Minnesota.

Nov. 1, 1990.

Mark Briol, Minneapolis, on behalf of petitioner Clark.

John Tunheim, Chief Deputy Atty. Gen., on behalf of respondent Secretary of State.

Bruce Willis, Minneapolis, on behalf of Arne Carlson for Governor Volunteer Committee.

## ORDER

The above-entitled matter came on for hearing before the court sitting en banc on Thursday, November 1, 1990 on the petition of Sharon K. Clark for relief pursuant to Minn.Stat. § 204B.44(d) (1988), alleging that the respondent Joan Anderson Growe, Secretary of State erred in failing to place petitioner's name on the ballot as the Independent–Republican candidate for the office of lieutenant governor in the general election scheduled for November 6, 1990. Appearances at the hearing were as follows: Mark Briol on behalf of the petitioner Clark; John Tunheim, Chief Deputy Attorney General on behalf of the respondent Secretary of State; and Bruce Willis on behalf of Arne Carlson for Governor Volunteer Committee.

WHEREAS, the Secretary of State has advised the parties and the court that she intends to place on the ballot as the Independent–Republican candidates for gover-

nor and lieutenant governor the team of Arne Carlson and Joanell Dyrstad pursuant to Minn. Const. art. V, § 1 and Minn.Stat. § 204B.13 (1988); and

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of Sharon K. Clark to compel the Secretary of State to place her name on the ballot as the Independent–Republican candidate for lieutenant governor in the general election be, and the same is, denied. The Secretary of State did not err in deciding to place on the ballot as the Independent–Republican entry for governor and lieutenant governor the names of Arne Carlson and Joanell Dyrstad.

POPOVICH, C.J., and YETKA, J. dissent.

POPOVICH, Chief Justice, dissenting.

I would require the Independent–Republican party to fulfill the basic duty owed to its members: providing nominees for office. Avoiding its duty and requiring the court to settle the political differences within that party is disrespectful of the role of the judiciary and a misuse of the judicial process. I disagree that the I–R party does not have an appropriate committee to decide this matter. By statute the administration of party affairs is vested in the state executive committee:

The state executive committee of the party shall have charge of the administration of the party's affairs, subject to the direction and control of the state convention and the state central committee.

Minn.Stat. § 202A.12 (1988). This statutory language is replicated exactly in the By–Laws of the Independent Republican Party. The naming of a candidate to fill an unexpected vacancy in the nomination surely constitutes a "party affair" and should not be delegated to this court. In short, nothing in the I–R constitution or by-laws limits the executive committee's power to act under unforeseen circumstances such as these. In an analogous situation, the Attorney General opined that the party should fill the vacancy and nominate a per-

son. Op. Att'y Gen. No. 47, at 96–99 (Sept. 22, 1948).

Under our constitution, governor and lieutenant governor are chosen by a single vote applying to both offices. Minn. Const. art. 5 § 1; Minn.Stat. § 204D.13, subd. 1 (1988). Under our statutes, candidates for governor and lieutenant governor must file their affidavits of candidacy jointly. Minn. Stat. § 204B.06, subd. 7 (1988). Voters are even instructed that they are to vote for "one team" in a gubernatorial election. Minn.Stat. § 206.61, subd. 7 (1988). It follows then that just as the Secretary of State cannot accept a filing for governor without the corresponding filing for lieutenant governor, the Secretary of State should not accept the withdrawal by only one half of a gubernatorial ticket. Here, only the candidate for governor has offered to withdraw. The Secretary of State had no authority to accept anything less than a joint withdrawal of both candidates. Accordingly, the attempted withdrawal by Grunseth was invalid, and logically, Grunseth and Clark remain the I–R nominees. By improperly accepting that withdrawal, the Secretary of State has allowed an apparent vacancy in the governor slot. Nominee Clark did not withdraw, however, and therefore there is no vacancy to be filled regarding the nomination for lieutenant governor.

The majority apparently believes the "team" concept embodied by our constitution eliminates both candidates when only one requests withdrawal and the other does not consent to withdrawal. The inevitable result of this reasoning is that an incumbent governor could not appear on the ballot if the lieutenant governor withdrew at the last minute. Doubtless, the legislature could not have intended such an unreasonable and absurd result. See Minn.Stat. § 645.17 (1988). Even if the governorship is popularly perceived as the dominant office in a gubernatorial election, that is no justification for ignoring the constitutional delineation of a separate office for the lieutenant governor, an office having specific duties under the law. In fact, the Secretary of State even issued a separate certificate of nomination to Sharon Clark.

The intent of the voters may be the only principle guiding the determination of this unfortunate case. In the primary election, 169,000 people voted for the Grunseth/Clark team, giving them the I–R nomination. This court cannot disregard those votes, nor should we decide a political matter that is wholly outside the realm of judicial expertise. The best this court can hope to do is to give effect to the will expressed by those voters who have selected Sharon Clark as the party nominee for lieutenant governor. While logically Grunseth and Clark should remain on the ballot, I would require the Secretary of State to at least include Sharon Clark on the ballot as the I–R nominee for lieutenant governor.

YETKA, Justice.

I join in the dissent of Chief Justice Popovich.