Larry V. FOX, Relator,

v.

MICRO MACHINE, INC. and Shelby
Mutual Insurance Company,
Respondents.

No. C0-90-1747.

Supreme Court of Minnesota.

Nov. 9, 1990.

POPOVICH, Chief Justice.

In early November 1980, Larry Fox started working for Micro Machine, Inc., a small machine shop in Plymouth, Minnesota. On November 24, 1980, he suffered a stroke while tightening a vice at work and apparently has been essentially totally disabled since that date. He filed a claim for workers' compensation benefits and the matter was initially heard by a compensation judge from the Office of Administrative Hearings. Medical evidence presented at the hearing established that the employee had a preexisting arteriosclerosis. In support of his claim, the employee elicited the testimony of Dr. Jesse Edwards, a cardiovascular pathologist who routinely testifies that work stress, either physical or mental, causes a cardiovascular injury.

E.g., *Meidinger v. Carpenters Local 606*, No. 538–24–5206, slip op. at 3 (Minn. WCCA June 28, 1990). In employee Fox's case, Dr. Edwards testified the employee's physical exertion at work caused certain cardiovascular changes that in turn caused the fragmentation of a preexisting arteriosclerotic lesion. In opposition, the employer and its workers compensation liability insurer elicited the testimony of Dr. Thomas Arnold, an internist with extensive experience in the treatment of patients with coronary artery disease and other cardiovascular problems. Dr. Arnold routinely testifies that work stress does not cause or contribute to a cardiovascular injury. *E.g., Aker v. State, Dept. of Natural Resources*, 282 N.W.2d 533, 534 (Minn.1979). In employee Fox's case, Dr. Arnold testified that he did not believe that cardiac output within reasonable limits would cause a stroke. A third doctor, Dr. Foreman, a neurologist who saw the employee at the time he had the stroke, thought the employee's stroke was caused by a gradual constriction of an artery although he did agree with Dr. Arnold's belief that fragmentation of emboli is not caused by physical exertion. There was other medical evidence indicating that sometime before the employee suffered his stroke at work, he had suffered a transient ischemic attack at home and that this type of episode precedes a full-blown stroke. In a short order and memorandum filed on March 15, 1985, the compensation judge denied the claim, finding the employee had failed to sustain his burden of proving by a fair preponderance of the evidence that his work activities substantially contributed to his stroke.

On appeal, a panel majority of the Workers' Compensation Court of Appeals remanded the matter for additional factual findings and for an explanation of the basis for denying benefits. The dissenting panel member believed there was only one inference to be drawn from the evidence; that the stroke was work related.

On remand, the compensation judge again denied the claim. Finding that the physical exertion required for the employee's work was not as great as the employee

claimed and that the opinion of Dr. Arnold as to causation reasonably cast doubt on the opinion of Dr. Edwards as to causation (and vice versa), the compensation judge considered the medical fact of causation unproved. *Grier v. Consumer Services, Inc.,* 293 Minn. 270, 273, 198 N.W.2d 281, 283 (1972). On appeal, a panel majority of the Workers' Compensation Court of Appeals affirmed. The same panel member again dissented and concluded the employee's physical exertion at work was a substantial contributing factor in causing his stroke.

The employee, through legal counsel, then sought further review by this court upon certiorari. After considering the entire record with care and concern, we affirmed without opinion by order dated May 2, 1988, concluding that the decision of the Workers' Compensation Court of Appeals complied with the review standards of *Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54 (Minn.1984), and that the factual determinations were not manifestly contrary to the evidence.

The employee then filed a petition for rehearing alleging that Dr. Arnold testified he was a board certified cardiologist when in fact he is board certified in internal medicine. Following a second review of the record in its entirety, we denied the petition for rehearing by order dated October 26, 1988.

The employee then filed a pro se petition with the Workers' Compensation Court of Appeals to vacate the prior decisions of the compensation judge on grounds of fraud and perjury, alleging that Dr. Arnold lied when he said he was a board certified cardiologist. During direct examination, in which counsel for the employer/insurer was eliciting testimony about the doctor's professional credentials, the following exchange occurred:

Q. Did you complete your residency at—the University of Chicago?

A. No.

Q. Oh. did you—are you a board-certified cardiologist or—

A. Yes.

Q. —vascular—

A. Yes.

Q. —physician? And when did you receive your certification, Doctor?

A. Well, I completed my training after the Air Force at the Mayo Clinic in 1963. And I was certified in 1964.

The Workers' Compensation Court of Appeals denied the employee's petition to vacate, by panel majority, concluding that the transcription, which was made from a tape recording, did not demonstrate fraud. The Workers' Compensation Court of Appeals also noted that the compensation judge was not misled by the exchange, understood that Dr. Arnold was board certified in internal medicine, and that the certification specialty was not a material factor in the outcome of the case.

By certiorari, the employee sought further review by this court. Concluding that the Workers' Compensation Court of Appeals had not abused its discretion in denying the employee's petition, *see Radzak v. Mercy Hospital,* 291 Minn. 189, 194, 190 N.W.2d 86, 90 (1971); Minn.Stat. § 176.461 (1990), and that the factual determinations were not manifestly contrary to the evidence, we affirmed without opinion by order dated October 12, 1990. 461 N.W.2d 388.

On October 24, 1990, the employee filed an untimely petition for rehearing, alleging that we have not reviewed the file. The employee had the burden of proving by a fair preponderance of the evidence that his injury was compensable. *Dille v. Knox Lumber/Division of Southwest Forest,* 452 N.W.2d 679, 681 (Minn.1990). "If different inferences can justifiably be drawn from the evidence in the case, the inference drawn by the factfinder will not be disturbed on appeal. It is not the function of this court to weigh the evidence to find facts to meet our preference." *Id.* (citations omitted). In this case, the findings pertaining to causation were not manifestly contrary to the evidence.