**Donald J. REED, Respondent,**

v.

**UNITED VAN BUS DELIVERY and Aetna Life and Casualty Company, United Van Bus Delivery and Sentry Insurance Company, Respondents,**

and

**The Special Compensation Fund, Relator.**

No. C5–94–280.

Supreme Court of Minnesota.

May 27, 1994.

Hubert H. Humphrey, III, Atty. Gen., Rory H. Foley, Asst. Atty. Gen., St. Paul, for relator.

David C. Wulff, St. Paul, for Donald Reed.

Dianne E. Walsh, Fitch, Johnson, Larson & Walsh, Minneapolis, for United Van Bus Delivery and Aetna Life & Cas. Co.

Lawrence Clair Miller, Minneapolis, for United Van Bus Delivery and Sentry Ins. Co.

OPINION

KEITH, Chief Justice.

The Workers' Compensation Court of Appeals reversed a compensation judge's determination as to Special Compensation Fund liability. We reverse and reinstate the decision of the compensation judge.

On September 13, 1983, Donald Reed sustained a compensable low back injury while employed as a driver for United Van Bus Delivery. United Van and its workers' compensation insurer at the time, Aetna Life and Casualty, admitted liability and paid various benefits. Reed's permanent partial disability was rated at 20% of the spine and registered with the Special Compensation Fund.

On September 27, 1989, while still employed by United Van, Reed re-injured his low back when a dock plate was pulled or slipped from underneath him, causing him to fall. His knee hit the back of the trailer "so hard that [he] could feel a jolt all the way up to [his] head." United Van's workers' compensation insurer at the time of the 1989 injury, Sentry Insurance Company, assumed payment of Reed's benefits. In January 1990, Reed resumed work with United Van as a terminal manager and driving instructor. In May 1990, his employment ended when United Van's successor declined to retain him because of his disability. With the assistance of a qualified rehabilitation consultant, Reed found permanent, fulltime employment with ABM Security Services, at a reduced wage. In 1992, Reed was disabled from all work for about 3 months following a flareup of low back pain.

■ Sentry Insurance filed a petition, naming both the Special Compensation Fund and Aetna, seeking reimbursement of all benefits paid after Reed returned to work in January 1990. Sentry contended that the 1989 injury was either a temporary aggravation of the 1983 injury or that, because of the 1983 injury, Reed suffered a substantially greater disability in 1989 than he would have from the second injury alone. Aetna took the position that all liability was due to the 1989 injury alone, and the Fund's position was that its liability, if any, was subject to an apportionment between the two injuries. The compensation judge denied Sentry's claim for reimbursement, finding that all disability, need for medical care and rehabilitation services were attributable to the 1989 injury alone. On appeal, the WCCA af-

firmed the determination as to the cause of disability following the 1989 injury but reversed the denial of Fund reimbursement, concluding the Fund had essentially conceded liability at the hearing.

Minnesota Statute § 176.131, subdivision 1 (Supp.1989), imposes liability on the employer for injuries sustained by employees who had physical disabilities prior to the time they were hired. The employer then has a right to seek reimbursement from the Special Compensation Fund once certain statutory requirements are met. *Koski v. Erie Mining Co.*, 300 Minn. 1, 5–6, 223 N.W.2d 470, 473 (1973); W. Ehlmann, *Minnesota's Special Compensation Fund*, 6 Wm. Mitchell L.Rev. 709, 712 (1980). Initially, the second injury law required full reimbursement to the employer from the Special Compensation Fund, *Koski v. Erie Mining Co., supra*; but in 1987, section 176.131 was amended so as to require allocation of liability among injuries. Act of May 29, 1987, ch. 332, § 30, 1989 Minn. Laws 1982–1983.[1]

■ It has long been recognized that when an employer or insurer seeks reimbursement from the Fund, it has the burden to prove that the second injury alone was not so severe in and of itself to cause the employee's disability. *Tuomela v. Reserve Mining Company*, 299 Minn. 203, 204, 639–40, 216 N.W.2d 638, 639–40 (Minn.1974).[2] In this case, although the WCCA affirmed the determination that the second injury was severe enough to account for the ensuing disability, it nevertheless ordered Fund reimbursement, construing certain remarks made at the beginning of the hearing as a concession of liability. We believe, however, that a fair reading of the record supports the compensation judge's conclusion that the Fund's acceptance of liability was conditional; and we therefore reverse the WCCA's determination to the contrary. As for the allocation of all liability to Sentry, having read the record, it seems to us the WCCA properly affirmed.

1. Although Minnesota's second injury law was repealed in 1992, it nevertheless applies to injuries prior to June 30, 1992. Act of April 28, 1992, ch. 510, art 3, § 36, 1992 Minn. Laws 625.

2. In that the 1987 amendment requires an allocation of liability, a question that depends primarily on medical evidence, *Marose v. Maislin*

*Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54 (Minn.1984); Minn.Stat. § 176.-421, subd. 1 (1992).

Reversed and compensation judge's decision reinstated.

. PAGE, J., took no part in the consideration or decision of this case.

*Transport*, 413 N.W.2d 507, 512 (Minn.1987), anyone seeking Fund reimbursement would be well advised to seek apportionment opinions even prior to application. *See* Cordes & Eide, "The Special Compensation Fund," Workers' Compensation Deskbook § 13.6, 13–14 (1993).