## STATE v. CAROLE ANDERSON AND OTHERS.

159 N. W. (2d) 892.

June 21, 1968—Nos. 41,182, 41,292, 41,293.

*Ellis Olkon* and *Sheldon Joseph Eviden,* for appellants.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

KNUTSON, CHIEF JUSTICE.

This is a consolidation of three appeals involving four defendants convicted of the crime of prostitution.

The city of Minneapolis has an ordinance forbidding prostitution, the maximum penalty for its violation being $100 fine or 90 days in the

workhouse, or both. Minneapolis Code of Ordinances, §§ 870.110, 1.120. In 1967 our state legislature enacted Minn. St. 609.32, subd. 4(1) (L. 1967, c. 507, § 9, subd. 4[1]), which forbids prostitution and provides a maximum penalty of one year's imprisonment or payment of a fine of $1,000, or both.

Defendants Sharon Burns and Carole Anderson were arrested by the Minneapolis morals squad on August 17, 1967, and originally charged under the Minneapolis ordinance. These charges were later dismissed. They were thereafter indicted by the grand jury under the state law. They made motions to dismiss on the grounds that the indictments deprived them of the equal protection of the law and inflicted cruel and inhuman punishment. These motions were denied. The two cases were consolidated and tried to the court without a jury. Both defendants were found guilty and sentenced to a year in the Minneapolis workhouse.

Defendants Barbara Taylor and Linda Riedemann were arrested on October 16, 1967, and jointly charged in an information with violation of the state law. They were separately tried by juries, found guilty, and also sentenced to one year in the Minneapolis workhouse.

The appeals have been consolidated for hearing. The questions raised are (1) whether Minn. St. 609.32, subd. 4(1), inflicts cruel and inhuman punishment contrary to our State and Federal Constitutions, and (2) whether the application of the law as to these defendants is so discriminatory that they ought to be discharged.

■ The claim that § 609.32, subd. 4(1), inflicts cruel and inhuman punishment requires little discussion.

It is the province of the legislature to declare what acts deemed by the lawmakers inimical to the public welfare shall constitute crimes, and to prohibit the same and provide the penalties therefor. State v. Shevlin-Carpenter Co. 99 Minn. 158, 108 N. W. 935. The wisdom of such acts of the legislature is not for the courts, State v. Moilen, 140 Minn. 112, 167 N. W. 345, 1 A. L. R. 331; 5A Dunnell, Dig. (3 ed.) § 2407, unless the punishment provided is out of all proportion to the crime so as to constitute a violation of the constitutional proscription against cruel and inhuman punishment. Ordinarily, cruel and inhuman punishment relates to something that involves mental or physical agony, or a sentence

of such duration that it is out of all proportion to the nature of the crime. Trop v. Dulles, 356 U. S. 86, 78 S. Ct. 590, 2 L. ed. (2d) 630. It may be conceded that the Fourteenth Amendment makes the Eighth Amendment of the Federal Constitution applicable to the states. Robinson v. California, 370 U. S. 660, 82 S. Ct. 1417, 8 L. ed. (2d) 758. For an example of a case in which it was held that the penalty violated the Federal Constitution, see Weems v. United States, 217 U. S. 349, 30 S. Ct. 544, 54 L. ed. 793. But, we see no rational basis upon which to hold that a year's imprisonment for the crime of prostitution violates either the State or Federal Constitution by imposing cruel and inhuman punishment. Nor do we believe that defendants' claim that prostitution is a sickness, not a crime, and therefore should not be punished merits any discussion.

■ We come, then, to the only question raised which has any merit to it, namely, that while some prostitutes are prosecuted under the city ordinance, where the maximum penalty is 90 days in the workhouse or a $100 fine, or both, these defendants were prosecuted under state law, where the maximum penalty is one year in jail or a $1,000 fine, or both.

It is not uncommon for city ordinances to make acts offenses against the city which the state laws make offenses against the state or morality generally. Before it can be said that the state in prosecuting under the state law is guilty of such discrimination as to invalidate the convictions, it must be shown that the two acts were the same or so nearly similar as to constitute the same conduct, and that there was no reasonable ground for the exercise of some selectivity.[1]

Even under state law it is frequently true that one of several actors engaged in the perpetration of the same crime is treated with greater leniency than others, due probably to the fact that one is a first offender and the others repeated perpetrators of crimes, or that the background of one requires more leniency than is accorded the others, or that some other reason exists which motivates the prosecuting authorities to treat one with greater leniency than the others. While in this case there has

---

[1] The exercise of some selectivity does not deny equal protection under the Fourteenth Amendment. Oyler v. Boles, 368 U. S. 448, 82 S. Ct. 501, 7 L. ed. (2d) 446.

been an attempt to show that during the same period of time some 59 charges were made under the city ordinance while 7 were prosecuted under the state law, this in itself does not make the prosecution under state law so discriminatory as to invalidate the conviction in the absence of a stronger showing that the facts and circumstances in all cases were similar; that the past records of all defendants were the same; and that there was intentional and purposeful prosecution of one under the state law and the other under the city ordinance. No such showing has been made here.

As a matter of fact, the figures used by defendants are not accurate when analyzed. Of the charges initially made under the city ordinance, five, including those against defendants Burns and Anderson, were dismissed. These defendants were subsequently recharged under the state law. Thirty-one of the individuals were either convicted or acquitted under the ordinance. Eight have not yet been apprehended under bench warrants. Three cases are still pending, and the remainder have been dismissed. We have no way of knowing whether the eleven who are fugitives or have cases pending will ultimately be charged under the statute; but even if they are prosecuted under the ordinance, without a greater showing of similarity than we have in this case, we cannot say there has been an arbitrary discrimination of the nature that would require that the conviction be held invalid.[2]

Newman v. United States, 127 App. D. C. 263, 265, 382 F. (2d) 479, 481, while dealing with the acceptance of a plea of guilty to a lesser included offense by one of joint perpetrators of a crime, concerns a subject quite analogous to that here under consideration. The court there said:

"To say that the United States Attorney must literally treat every offense and every offender alike is to delegate him an impossible task; of course this concept would negate discretion. Myriad factors can enter into the prosecutor's decision. Two persons may have committed what

---

[2] See Abbate v. United States, 359 U. S. 187, 79 S. Ct. 666, 3 L. ed. (2d) 729, holding that prosecution under an Illinois statute does not bar prosecution under a Federal statute for the same conduct.

is precisely the same legal offense but the prosecutor is not compelled by law, duty or tradition to treat them the same as to charges. On the contrary, he is expected to exercise discretion and common sense to the end that if, for example, one is a young first offender and the other older, with a criminal record, or one played a lesser and the other a dominant role, one the instigator and the other a follower, the prosecutor can and should take such factors into account; no court has any jurisdiction to inquire into or review his decision."

While some of this language may not be applicable to the crime now under consideration—we may assume defendants are right when they argue that prostitution is prostitution and there can be no degrees of it—there are variations in the activities of those who engage in this form of vice, even though probably the act itself is the same in all cases. Before differing treatment falls under the constitutional proscription against denial of equal protection, there must be proof of an intentional or purposeful discrimination. Snowden v. Hughes, 321 U. S. 1, 64 S. Ct. 397, 88 L. ed. 497.

We do not have before us the question of whether the statute has preempted the field. We leave that problem for decision when the question is before us.

Affirmed.