STATE of Minnesota, Respondent,

v.

**Robert Frank CHRISTIE,**
**Petitioner, Appellant.**

No. C5–92–968.

Supreme Court of Minnesota.

Oct. 1, 1993.

---

John M. Stuart, Minnesota State Public Defender, Marie L. Wolf, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, MN Atty. Gen., Margaret H. Chutich, Sp. Asst. Atty. Gen., St. Paul, Waldemar B. Senyk, Otter Tail County Atty., Fergus Falls, for respondent.

GARDEBRING, Justice.

This case stems from the increased sentence appellant received as a result of the application of the patterned sex offender statute, Minn.Stat. § 609.1352 (1990). The presumptive sentence for the offense to which appellant pleaded guilty, first degree burglary, was 68 months under the Minnesota Sentencing Guidelines. After the trial court determined that the patterned sex offender statute applied, appellant received a sentence of 240 months. The court of appeals affirmed the trial court's finding that appellant fell within the patterned sex offender statute, but remanded on the question of the statute's constitutionality. In a subsequent order, the trial court ruled that the statute complied with constitutional due process requirements. The court of appeals affirmed both appellant's conviction and sentence. We affirm, finding no constitutional infirmity in the sentencing scheme of the patterned sex offender statute.

In the early evening of March 30, 1990, appellant entered the home of the complainant and his family. The complainant was asleep in the bedroom he shared with his wife when he was awakened by a crashing noise at the foot of the bed. He saw a figure of a person in the darkened bedroom who, at first, he thought was his wife, but then realized was a man. When the intruder fled, the complainant gave chase and caught him while still inside the house. Appellant and the complainant struggled and the fight eventually moved outside.

Appellant admitting "casing" the house before he entered. He knew that the complainant's wife had entered the bathroom and assumed she would be there for some time. Appellant carried only a condom with him into the complainant's home that night; he left his glasses, wallet and some clothing in his van. However, appellant claimed that he only intended to burglarize the house to obtain money to pay bills.

Appellant pleaded guilty to a violation of Minn.Stat. § 609.582, subd. 1(c), burglary in the first degree. 494 N.W.2d 492. He knew that the patterned sex offender statute allowed the court to impose a sentence up to the statutory maximum of 20 years, that the state intended to ask that the statute be used to enhance the sentence, and that he could not withdraw his plea if the court decided to sentence him to the maximum term.

Appellant was then interviewed by a psychologist who administered several psychological tests and reviewed his prison records from Kansas. As a result of these inquiries, the psychologist determined that appellant "had the quality of a fixated sex offender profile."[1] He also believed that appellant was defensive in his answers to the tests (i.e. not open and honest), because appellant wished to minimize the traits he thought might be harmful to his case. As a result of this defensiveness, the psychologist believed that the tests underrated the severity of appellant's profile as a sex offender.

Although the psychologist could not conclude that it was likely that appellant would commit another sex crime, he concluded that there was a significant possibility that, under the right circumstances, appellant could reoffend. Finally, the psychologist said that long-term outpatient treatment with frequent visits would be sufficient for an offender like appellant.

In 1975, appellant was convicted in Kansas for aggravated burglary, aggravated sodomy and rape. He was paroled in 1988 by the

---

1. The psychologist believed the terms "patterned sex offender" and "fixated sex offender profile" to be synonymous.

Kansas authorities and was on supervised parole in Hennepin County between 1988 and 1990.[2] His parole officer in Hennepin County testified that appellant admitted to other sex offenses, including rapes, in both Minnesota and Kansas. The parole officer also testified that appellant exposed himself to a woman in 1989. Appellant admitted this to his parole officer and the woman identified him in a line up, but his parole was not revoked.

At the sentencing hearing, the trial court found that appellant was a patterned sex offender and sentenced him to the maximum sentence allowable for first degree burglary, 240 months. Appellant makes three arguments that the statute is unconstitutional under federal and Minnesota law. He contends: 1) that the statute violated his due process rights because it requires a finding of sexual motivation under a "reasonably appears" standard of proof instead of the "beyond a reasonable doubt" standard; 2) that the statute violates his right to proportionality in sentencing under the Minnesota Constitution because it requires a durational departure from the Minnesota Sentencing Guidelines; and 3) that the statute is unconstitutionally vague.

▇▇▇▇ We first deal with the question of whether the patterned sex offender statute complies with due process requirements. Statutes are presumed to be constitutional. *In re Haggerty,* 448 N.W.2d 363, 364 (Minn. 1989). In order to successfully challenge a criminal statute, the person challenging the statute must prove beyond a reasonable doubt that the statute is unconstitutional. *See e.g., State v. Merrill,* 450 N.W.2d 318, 321 (Minn.), *cert. denied,* 496 U.S. 931, 110 S.Ct. 2633, 110 L.Ed.2d 653 (1990); *Contos v. Herbst,* 278 N.W.2d 732, 736 (Minn.1979), *appeal dismissed sub. nom., Prest v. Herbst,* 444 U.S. 804, 100 S.Ct. 24, 62 L.Ed.2d 17 (1979).

Appellant challenges the constitutionality of the patterned sex offender statute under both the federal and state due process clauses.[3] However, appellant has failed to present any argument based on an independent interpretation of the Minnesota Constitution. Therefore, our analysis will be under the due process clause of the United States Constitution.

Appellant argues that because the trial court was required to determine his sexual motivation under a standard of proof less demanding than "beyond a reasonable doubt," he did not receive due process of law as required under the United States Constitution.

The relevant portions of the patterned sex offender statute are as follows:

Subdivision 1. **Sentencing authority.** A court may sentence a person to a term of imprisonment of not less than double the presumptive sentence under the sentencing guidelines and not more than the statutory maximum, * * * if:

(1) the court is imposing an executed sentence * * * on a person convicted of committing or attempting to commit a violation of section 609.342, 609.343, 609.344, or 609.345, [criminal sexual conduct], or on a person convicted of committing or attempting to commit any other crime listed in subdivision 2 if it reasonably appears to the court that the crime was motivated by the offender's sexual impulses or was part of a predatory pattern of behavior that had criminal sexual conduct as its goal;

(2) the court finds that the offender is a danger to public safety; and

(3) the court finds that the offender needs long-term treatment or supervision beyond the presumptive term of imprisonment and supervised release. The finding must be based on a professional assessment by an examiner experienced in evalu-

---

**2.** Appellant moved to Moorhead in 1990 and his parole supervision was transferred.

**3.** The Due Process Clause of the Fourteenth Amendment states in relevant part:

No state shall * * * deprive any person of life, liberty or property without due process of law * * *.

U.S. Const. amend. XIV, § 1. The parallel clause in the Minnesota Constitution is art. I, § 7 which states in relevant part:

No person shall be held to answer for a criminal offense without due process of law, * * * nor be deprived of life, liberty or property without due process of law.

ating sex offenders that concludes that the offender is a patterned sex offender. The assessment must contain the facts upon which the conclusion is based, with reference to the offense history of the offender or the severity of the current offense, the social history of the offender, and the results of an examination of the offender's mental status. The conclusion may not be based on testing alone. A patterned sex offender is one whose criminal sexual behavior is so engrained that the risk of reoffending is great without intensive psychotherapeutic intervention or other long-term controls.

Subd. 2. **Predatory crime.** A predatory crime is a felony violation of section * * * 609.582, subdivision 1.[4]

Subd. 3. **Danger to public safety.** The court shall base its finding that the offender is a danger to public safety on either of the following factors:

(1) the crime involved an aggravating factor that would justify a durational departure from the presumptive sentence under the sentencing guidelines; or

(2) the offender previously committed or attempted to commit a predatory crime * * *.

Subd. 4. **Departure from guidelines.** A sentence imposed under subdivision 1 is a departure from the sentencing guidelines.

Minn.Stat. § 609.1352 (1990).[5]

In essence, the statute requires three separate conclusions:

1) that the crime be sexually motivated;

2) that the offender be a danger to public safety, either because the crime involved an aggravating factor which would support a durational departure under the sentencing guidelines, or because the offender previously committed a "predatory crime," as defined in the statute;

3) that the offender be in need of long term treatment or supervision (beyond the sentencing guidelines presumptive term of imprisonment and supervised release), based

on a professional assessment. Minn.Stat. § 609.1352 (1990).

In the departure report, the trial court made findings as to each of these factors. Appellant complains as to the first factor only, arguing that the state failed to prove beyond a reasonable doubt that the burglary was "motivated by * * * sexual impulses or was part of a predatory pattern of behavior that had criminal sexual conduct as its goal." Minn.Stat. § 609.1352, subd. 1(1) (1990).

In *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the United States Supreme Court held that the due process clause protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id.* at 364, 90 S.Ct. at 1073. Under the patterned sex offender statute, the sentencing court is required to determine whether it *reasonably appears* that the burglary was "motivated by the offender's sexual impulses or was part of a predatory pattern of behavior that had criminal sexual conduct as its goal." Minn.Stat. § 609.1352, subd. 1(1) (1990).

Appellant asserts that, in essence, the legislature has created a new crime. He argues that the legislature injected the "motivation" element into the calculus of the sentencing decision in order to lower the state's burden of proof so as to circumvent the rule in *Winship* that all the elements of a crime be proven beyond a reasonable doubt. He asserts that his case is controlled by *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

*Mullaney* involved a statute which presumed the presence of malice aforethought, necessary to convict for the crime of felonious homicide, if the prosecution proved beyond a reasonable doubt both that the killing was intentional and that it was neither justifiable nor excusable. The burden of proof then shifted to the defendant to show by a preponderance of the evidence that he acted in the heat of passion on sudden provocation, negating the presence of malice afore-

---

4. This is the crime of which defendant was convicted, first degree burglary.

5. Appellant was sentenced under the version of the statute that existed in 1990.

thought. The Court held that, although malice aforethought was not within the statutory definition of the crime, it must be proven beyond a reasonable doubt. *Id.* at 704, 95 S.Ct. at 1892.

However, it appears that *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), greatly limited the reach of *Mullaney.* The *Patterson* Court relied on the narrow statutory definition of the crime to determine what had to be proven beyond a reasonable doubt, holding that it is not necessary that a state "prove beyond a reasonable doubt every fact * * * affecting the degree of culpability or the severity of the punishment." *Id.* at 207, 97 S.Ct. at 2325. The Court also said: "The applicability of the reasonable doubt standard * * * has always been dependent on how a State defines the offense that is charged in any given case * * *." *Id.* at 211 n. 12, 97 S.Ct. at 2327 n. 12.

The Supreme Court most recently considered this issue in *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), in which Pennsylvania's Mandatory Minimum Sentencing Act was at issue. The Act provides that any person convicted of certain defined felonies is subject to a mandatory minimum sentence of five years, if the sentencing judge finds by a preponderance of the evidence that the convicted person "visibly possessed a firearm" while committing the offense. *Id.* at 81, 106 S.Ct. at 2413. Under the statute, the sentencing judge is allowed to consider evidence produced at trial and any additional evidence produced by either the prosecution or the defendant. *Id.*

The Court addressed the importance of the state's definition of the crime as follows:

[T]he Pennsylvania Legislature has expressly provided that visible possession of a firearm is not an element of the crimes enumerated in the mandatory sentencing statute * * * but instead is a sentencing factor that comes into play only after the defendant has been found guilty of one of those crimes beyond a reasonable doubt. * * * While visible possession might well have been included as an element of the enumerated offenses, Pennsylvania chose

not to redefine those offenses in order to so include it * * *.

*McMillan,* 477 U.S. at 85–86, 106 S.Ct. at 2416.

The *McMillan* court identified certain considerations in evaluating due process challenges based on this theory: whether the statute relieves the prosecution of its burden of guilt by presuming facts essential to guilt and whether the statute alters the maximum penalty for the crime or creates a separate offense calling for a separate penalty. *Id.* at 87–88, 106 S.Ct. at 2416–17.

Our patterned sex offender statute suffers from neither of these infirmities. Unlike the statute at issue in *Mullaney,* the patterned sex offender statute at issue here does not create a presumption of guilt. The presence of sexual motivation is only a sentencing factor that comes into play after defendant has been found guilty of a particular crime beyond a reasonable doubt.

Further, under the patterned sex offender statute, the *maximum* sentence for the underlying offense is not increased. Appellant argues that because the statute relieves the sentencing judge of the constraints imposed by the sentencing guidelines, the actual sentence may be significantly different than the presumptive sentence, thus creating a *de facto* separate offense. However, appellant overlooks the fact the enhanced sentence arising from an application of the statute results from a statutorily-created departure from the sentencing guidelines. *McMillan* allows for such an increased penalty where the sentence does not exceed the statutory maximum for the underlying offense.

Finally, we note that under the patterned sex offender statute, the trial court must make factual determinations on three separate factors, none of which by itself brings a defendant within the scope of the statute. Whether a defendant has previously committed a predatory crime, within the meaning of the statute, is a "straightforward issue susceptible of objective proof," *McMillan* at 84, 106 S.Ct. at 2415; and even the issue of the offender's need for long-term treatment or supervision must be based upon a professional evaluation, the details of which are delineated thoroughly in the statute. If a finding

of "sexual motivation" were enough, we might be more concerned, but the objective nature of the proof necessary to support the other factors, which are again merely sentencing factors, provides appropriate due process protection.

We conclude that the provisions of the patterned sex offender statute meet the test established by *McMillan* and that the safeguards within the statute are sufficient to pass constitutional muster.[6]

■ Appellant also asserts that the burden of proof required by the patterned sex offender statute does not meet the "preponderance of the evidence" standard approved in *McMillan*. His only support for this contention is that the words "reasonably appears" are inconsistent with a preponderance standard. Although the patterned sex offender statute does not explicitly require a fair preponderance standard of proof, on remand the trial court found that the "reasonably appears" language in the statute "meets and exceeds the preponderance of the evidence standard * * *." Thus, it is clear that when the sentencing court applied the patterned sex offender statute, its findings were made on a standard of proof at least as strict as the preponderance standard required by *McMillan*.[7] Because Minnesota statutes are presumed to be constitutional, *Haggerty*, 448 N.W.2d at 364, we believe the legislature intended the "reasonably appears" language

that appears in the patterned sex offender statute meet the due process requirement that facts found at the sentencing stage must be established by a preponderance of the evidence. Therefore, we hold that the patterned sex offender statute comports with federal due process requirements.

■ Appellant next contends that the patterned sex offender statute denies him his right to proportionality in sentencing under the Minnesota Constitution. He argues that the patterned sex offender statute violates art. I, § 5 of the Minnesota Constitution which states:

> Excessive bail shall not be required, nor excessive fines be imposed; nor cruel or unusual punishments be inflicted.

Appellant reasons that the cruel or unusual clause guarantees proportionality in sentencing. He observes that other states, have interpreted their identical provisions to include constitutional protections against disproportionate sentences.[8] He urges this court to similarly extend constitutional protection to proportionality in sentencing under the Minnesota Constitution.

■ However, appellant is unable to cite any Minnesota constitutional cases to support his argument. Instead, his argument is based on case law which interprets the sentencing guidelines themselves.[9] This court

---

6. This conclusion is consistent with other similar cases in which we have allowed sentence-enhancing factors to be established under a "fair preponderance of the evidence" standard. In *State v. Adams*, 295 N.W.2d 527 (Minn.1980), the court made findings under this lesser standard when determining whether a defendant should be sentenced under Minn.Stat. §§ 609.155 and 609.16 (dangerous offender statute). *See also State v. Piri*, 295 Minn. 247, 204 N.W.2d 120 (1973). Both the statute in *Adams* and the statute in *Piri* were repealed in 1978. *See* Act of April 5, 1978, ch. 723, art. 1, § 19, 1978 Minn. Laws 761, 770.

7. In holding that the visible possession of a firearm had only to be established by a preponderance of the evidence, the *McMillan* Court reasoned that traditionally, sentencing courts have performed factfinding and have heard evidence without any mandated burden of proof. *Id.*, 477 U.S. at 91–92, 106 S.Ct. at 2418–19.

> Pennsylvania has deemed a particular fact relevant and prescribed a particular burden of

proof. We see nothing in Pennsylvania's scheme that would warrant constitutionalizing burdens of proof at sentencing.

> \* \* \* \* \* \*

> Sentencing courts necessarily consider the circumstances of an offense in selecting the appropriate punishment, and we have consistently approved sentencing schemes that mandate consideration of the facts related to the crime, without suggesting that those facts must be proved beyond a reasonable doubt.

*Id.* at 91–92, 106 S.Ct. at 2419.

8. *See People v. Anderson*, 6 Cal.3d 628, 100 Cal. Rptr. 152, 493 P.2d 880, *cert. denied*, 406 U.S. 958, 92 S.Ct. 2060, 32 L.Ed.2d 344 (1972); *People v. Lorentzen*, 387 Mich. 167, 194 N.W.2d 827 (1972).

9. As an example, he cites *State v. Evans*, 311 N.W.2d 481 (Minn.1981), which held that a durational departure could be no more than double the presumptive sentence under the sentencing

has never tied the "cruel or unusual punishments" clause to a guarantee of proportionality in sentencing. However, even if we were to rule that the Minnesota Constitution requires proportionality in sentencing, in order for appellant to prevail on this argument, we would have to further hold that the sentencing guidelines are the statutory embodiment of the guarantee. We do not believe the guidelines were meant to function as constitutional mandates. If we were to accede to appellant's interpretation of the law, we would, in effect, constitutionalize the sentencing guidelines, and we do not believe that is either necessary or appropriate.[10]

Without the sentencing guidelines as a measure of proportionality, appellant must look to the case law construing the cruel and unusual punishment clause of the Minnesota Constitution. Appellant fails to cite any cases to support his argument that a twenty-year sentence is cruel or unusual. Other than cases involving the death penalty, successful challenges to the proportionality of sentences are very rare. *Rummel v. Estelle*, 445 U.S. 263, 272, 100 S.Ct. 1133, 1138, 63 L.Ed.2d 382 (1980). In *State v. Anderson*, 280 Minn. 461, 159 N.W.2d 892 (1968), this court stated:

It is the province of the legislature to declare what acts deemed by the lawmakers inimical to the public welfare shall constitute crimes, and to prohibit the same and provide the penalties therefor. The wisdom of such acts of the legislature is not for the courts, unless the punishment provided is out of all proportion to the crime so as to constitute a violation of the constitutional proscription against cruel and inhuman punishment. Ordinarily, cruel and inhuman punishment relates to something that involves mental or physical agony, or a sentence of such duration that it is out of all proportion to the nature of the crime.

guidelines unless the situation was "unusually compelling." *Id.* at 483.

**10.** Even if the sentencing guidelines took on constitutional meaning, we believe that this sentence would conform to their departure provisions, inasmuch as the statute is specifically designated as a departure.

*Id.,* 280 Minn. at 462–63, 159 N.W.2d at 894 (citations omitted). In *State v. Walker,* 306 Minn. 105, 110, 235 N.W.2d 810, 814 (1975), *cert. denied,* 426 U.S. 950, 96 S.Ct. 3172, 49 L.Ed.2d 1187 (1976), this court similarly stated that

the prohibition against cruel and unusual punishments has only been applied to those situations presenting severely cruel elements or a degree of severity out of all proportion to the offense.

The sentence appellant received reflects not only the seriousness of the burglary he committed, but also the odious intent with which it was carried out. It is clear that the legislature intended that an offender convicted of a crime motivated by sexual impulses and not amenable to treatment within the time of the presumptive sentence, was to be treated differently from an offender convicted of the same crime, but without such motivation. On the record before us we do not believe that the sentence is cruel or unusual.

■ Appellant's final contention is that the patterned sex offender statute is unconstitutionally vague with regard to both the behavior it proscribes and the sentence resulting from that behavior. We first deal with the vagueness challenge to sentencing. If a defendant is now convicted of committing a predatory crime as defined at Minn.Stat. § 609.1352, subd. 2 (1992), the sentencing court has no discretion to sentence the offender under the sentencing guidelines; he must be sentenced under the patterned sex offender statute. Under the version of the statute under which appellant was sentenced, the sentencing court may have had discretion to sentence under the sentencing guidelines.[11]

However, we believe that question of the court's discretion in this context is irrelevant. Even if a court had discretion to not apply the patterned sex offender statute in its pre-

**11.** The first line of Minn.Stat. § 609.1352, subd. 1 formerly read: "A court may sentence a person [convicted under this statute] * * *." The statute was amended to read "A court shall sentence a person [convicted under this statute] * * *." Act effective April 30, 1992, ch. 571, art. 1, § 11, 1992 Minn. Laws 1983, 1990.

vious form, the sentence required when the statute was applied is not vague. The statute requires a minimum of twice the presumptive term of the underlying offense. If this sentence is longer than the statutory maximum, then the offender is sentenced to the maximum. If double the presumptive sentence is less than the statutory maximum, the court utilizes its discretion to establish an appropriate sentence.

■ Appellant believes that this discretion makes the statute unconstitutionally vague. However, a sentencing statute that allows discretion in determining a sentence is not unconstitutional, subject to the constitutional prohibition against cruel and unusual punishment. *See Rummel v. Estelle*, 445 U.S. 263, 284–85, 100 S.Ct. 1133, 1144–45, 63 L.Ed.2d 382 (1980). Appellant's argument is really the same as his earlier argument that the patterned sex offender statute is unconstitutional because it goes outside the sentencing guidelines. As stated earlier, trial courts are not constitutionally bound by the sentencing guidelines. Further, prior to the imposition of the sentencing guidelines, trial courts had great discretion when imposing a sentence. *Steeves v. State*, 287 Minn. 476, 480, 178 N.W.2d 723, 725 (1970).

■ Finally, appellant argues that the statute is unclear as to the type of conduct that transforms "an ordinary burglary into a patterned sex offender burglary." (Appellant's Br. at 34). Both the United States Constitution and the Minnesota Constitution require that criminal statutes be sufficiently definite to meet due process standards. *State v. Newstrom*, 371 N.W.2d 525, 528 (Minn.1985). The standard for vagueness was set forth by the Supreme Court in *Connally v. General Const. Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926):

> [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process law.

*Id.* at 391, 46 S.Ct. at 127. The use of somewhat general language in a statute also does not render it vague. In *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), the Court stated:

> The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.

*Id.* at 110, 92 S.Ct. at 1957, (quoted in *State v. Hipp*, 298 Minn. 81, 89, 213 N.W.2d 610, 615 (1973)).

■ Vagueness challenges not involving First Amendment freedoms are to be examined in light of the applicable facts. *United States v. Powell*, 423 U.S 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975). A person whose conduct is clearly prohibited under a statute cannot make a successful vagueness challenge on that statute. *Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 2561, 41 L.Ed.2d 439 (1974).

Thus, the issue is whether the patterned sex offender statute clearly proscribed appellant's behavior in this case. The plain language of the statute indicates that the statute afforded appellant fair warning as to his actions. The patterned sex offender statute is to be applied if the offender has been convicted of a predatory crime (as appellant was) and that crime was "part of a predatory pattern of behavior that had criminal sexual conduct as its goal." Minn.Stat. § 609.1352, subd. 1(1) (1990). There is little doubt that appellant was entering the complainant's home to sexually assault his wife. Further, appellant has been convicted of and served time for other sex crimes, and has admitted to still others. It is clear that the statute clearly proscribes appellant's conduct. Therefore, we hold that the statute is not void for vagueness.

Affirmed.