**STATE of Minnesota, Respondent,**

v.

**Bret Duane HANNAM, Appellant.**

**No. C1–99–120.**

Court of Appeals of Minnesota.

Oct. 19, 1999.

Review Denied Dec. 21, 1999.

John M. Stuart, State Public Defender, Charlann E. Winking, Assistant Public Defender, Minneapolis, MN (for appellant)

Mike Hatch, Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN; and Patrick A. Oman, Mower County Attorney, Austin, MN (for respondent)

Considered and decided by HARTEN, Presiding Judge, SHORT, Judge, and HOLTAN, Judge.*

## OPINION

HARTEN, Judge.

The district court enhanced appellant's sentence after finding by a preponderance of the evidence that appellant possessed a firearm at the time he committed burglary. Appellant argues that a preponderance of the evidence is not the appropriate standard and that the enhancement statute does not apply. Because we see no error in the district court's enhancement of the sentence, we affirm.

## FACTS

Appellant Bret Duane Hannam was charged with first-degree burglary (occupied dwelling) and first-degree burglary (possessing or using a dangerous weapon). At trial, the victim testified that appellant first brought a pistol into her house and then came into her house a second time with a rifle, which he left on the floor with some ammunition. A neighbor who arrived to help the victim testified that appellant came out of the house, took the pistol from his pocket, and surrendered it to the neighbor, who eventually gave it to the police. Appellant disputes neither this testimony nor his admission to the police dispatcher that he had possessed a gun during the burglary but had given it to the neighbor.

The jury found appellant guilty of first-degree burglary (entering occupied dwell-

ing) but not guilty of first-degree burglary (possessing or using a dangerous weapon). Appellant's presumptive sentence was 26 months. But the district court applied Minn.Stat. § 609.11, subd. 5 (1998) (mandatory minimum three-year sentence for those convicted of burglary who "at the time of the offense, had in possession or used * * * a firearm") and sentenced appellant to 36 months. This appeal followed.

## ISSUE

Did the district court err as a matter of law in enhancing appellant's sentence after finding by a preponderance of the evidence that he possessed a firearm while committing burglary?

## ANALYSIS

■ There is no factual dispute here; the issues involve statutory construction. The construction of a statute is a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

■ Minn.Stat. § 609.11 (1998) provides that:

Subd. 5 * * * [A]ny defendant convicted of an offense listed in subdivision 9 [e.g. burglary] in which the defendant or an accomplice, at the time of the offense, had in possession * * * a firearm, shall be committed to the commissioner of corrections for not less than three years * * *.

* * * *

Subd. 7. Whenever reasonable grounds exist to believe that the defendant * * * had in possession a firearm, at the time of commission of an offense listed in subdivision 9, the prosecutor shall * * * present on the record all evidence tending to establish that fact * * *. The question of whether the defendant * * *

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by

appointment pursuant to Minn. Const. art. VI, § 10.

had in possession a firearm shall be determined by the court * * *.

The district court found "by a preponderance of the evidence" that appellant was in possession of a firearm and enhanced appellant's sentence.

Appellant relies on language from *State v. Royster*, 590 . N.W.2d 82 (Minn.1999) to argue that the appropriate standard of proof governing sentence enhancement is beyond a reasonable doubt.

[T]he state presented sufficient evidence to prove beyond a reasonable doubt that Royster's possession of a firearm while committing the predicate felony offense met the requisites of section 609.11, subd. 5.

*Id.* at 85. But this language is dictum: neither *Royster* nor any Minnesota case holds that the state must meet the beyond a reasonable doubt standard of proof to enhance a sentence.

Moreover, *State v. Christie*, 506 N.W.2d 293, 297–99 (Minn.1993) held that the preponderance of the evidence standard applied to sentence enhancement under Minn.Stat. § 609.1352 (1990), the patterned sex offender statute, which required a sentencing court to determine whether it "reasonably appears" that the predicate crime was motivated by the defendant's sexual impulses. *Christie* found no due process violation in the statutory language, i.e., "reasonably appears" (rather than "appears beyond a reasonable doubt"), and concluded that "reasonably appears" falls within the preponderance of the evidence standard of proof prescribed for sentencing factors in *McMillan v. Pennsylvania*, 477 U.S. 79, 91–92, 106 S.Ct. 2411, 2418–19, 91 L.Ed.2d 67 (1986).

The first words of Minn.Stat. § 609.11, subd. 7, "[w]henever reasonable grounds exist to believe that the defendant * * * had in possession a firearm," are analogous to the phrase, "if it reasonably appears," construed in *Christie.* The district court's use of the preponderance of the evidence standard, rather than the beyond a reasonable doubt standard, in determining that appellant possessed a firearm at the time he committed burglary was not an error of law and did not violate due process.[1]

 Appellant also argues that because the jury found him not guilty of burglary while possessing a dangerous weapon, the district court was precluded from finding that he possessed a firearm during the burglary. But Minn.Stat. § 609.11, subd. 7, provides that the court, not the jury, is to determine whether a defendant had a dangerous weapon at the time of committing the offense. *See also State v. Montjoy*, 366 N.W.2d 103, 110–11 (Minn.1985) ("a defendant does not have to be convicted of an offense that has use of a firearm or dangerous weapon as an element in order for section 609.11 to apply," and holding that it was not error for the trial court to refuse to submit a special verdict form asking whether a dangerous weapon had been used).[2]

## DECISION

The district court lawfully enhanced appellant's sentence after finding by a preponderance of the evidence that he possessed a firearm while committing burglary.

**Affirmed.**

---

1. Having determined that preponderance of the evidence was an appropriate standard, we do not address appellant's associated argument that the evidence failed to show beyond a reasonable doubt that he possessed a firearm when he committed burglary.

2. In finding appellant not guilty of burglary–dangerous weapon but guilty of burglary–occupied dwelling, the jury may have been exercising its power of lenity. *See State v. Perkins*, 353 N.W.2d 557, 561 (Minn.1984) (when jury believes defendant guilty of two offenses, it may through the exercise of lenity convict him of only one.)