**STATE of Minnesota, Respondent,**

v.

**David S. HOBBS, Appellant.**

**No. A05–248.**

Court of Appeals of Minnesota.

May 16, 2006.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, MN, for respondent.

John M. Stuart, State Public Defender, Benjamin J. Butler, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by MINGE, Presiding Judge; TOUSSAINT, Chief Judge; and RANDALL, Judge.

## OPINION

MINGE, Judge.

Appellant challenges his conviction on the basis of prosecutorial misconduct and challenges his sentence on several grounds. Because any prosecutorial misconduct was not unduly prejudicial and because appellant failed to object at trial, we affirm appellant's conviction. But because we conclude the district court erred by submitting interrogatories on the statutory sentencing factors to the jury, we reverse and remand appellant's sentence.

## FACTS

After a home break-in, appellant David S. Hobbs was found close by, recognized by police as the intruder, and charged with burglary in the first degree, a violation of Minn.Stat. § 609.582, subds. 1(a), 1a (2002). At a pretrial hearing the day before trial, the state indicated its intention to request that appellant be sentenced under Minn.Stat. § 609.1095, subd. 2 (2002), authorizing upward durational departures for offenders who have a history of violent crime. Based on *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the state noted that the district

court should conduct a jury hearing on the factors justifying a durational departure. Appellant objected to the sentencing enhancement on the basis that he was not given adequate notice. He also objected that empaneling a sentencing jury is not authorized in Minnesota. The district court rejected appellant's arguments and the case proceeded to trial.

During the trial, the prosecutor criticized a defense witness, spoke favorably of a state's witness, discussed the jury's role as fact-finder, and urged conviction. Appellant did not object to the prosecutor's statements. The jury found appellant guilty of burglary in the first degree. The district court indicated that it would reconvene the jury to consider factors set forth in Minn.Stat. § 609.1095, subd. 2 (2002), that affect the length of the sentence. Appellant again objected to the sentencing jury procedure and moved for imposition of the presumptive sentence. The motion was denied and the jury was reconvened. The jury found that appellant met the requirements for an upward durational sentence departure as a danger to public safety, and the district court sentenced appellant to 90 months in prison, an upward durational departure. This appeal follows.

### ISSUES

1. Did unobjected-to, improper statements of the prosecution impair appellant's right to a fair trial?
2. Did the district court err in reconvening the jury to consider a sentencing issue?

### ANALYSIS

#### I.

The first issue is whether appellant's conviction should be reversed because of prosecutorial misconduct. This court will reverse a conviction due to prosecutorial misconduct at trial only if the misconduct, "when considered in light of the whole trial, impaired the defendant's right to a fair trial." *State v. Powers,* 654 N.W.2d 667, 678 (Minn.2003). Reversal is required for unusually serious misconduct unless it was harmless beyond a reasonable doubt, but reversal is only required for less serious misconduct when it substantially influenced the verdict. *State v. Steward,* 645 N.W.2d 115, 121 (Minn.2002). With respect to prosecutorial misconduct during closing argument, "[w]e look ... at the closing argument as a whole, rather than just selective phrases or remarks that may be taken out of context or given undue prominence." *State v. Walsh,* 495 N.W.2d 602, 607 (Minn.1993).

Here, appellant did not object at trial to any of the conduct that he now asserts as grounds for reversal. Generally, a party waives any challenge to the alleged misconduct on appeal by failing to object or seek a cautionary instruction. *State v. Ture,* 353 N.W.2d 502, 516 (Minn. 1984). In that situation, this court will only grant relief if the misconduct was unduly prejudicial. *State v. Whittaker,* 568 N.W.2d 440, 450 (Minn.1997).

Appellant first argues that the prosecutor improperly belittled appellant's defense. Disparaging the defense or its witnesses is prosecutorial misconduct. *State v. Bailey,* 677 N.W.2d 380, 403–04 (Minn.2004) (noting that it was improper for a prosecutor to make negative references to the witness's character beyond the witness's testimony). But the state is permitted to "analyze the evidence and vigorously argue that the state's witnesses were worthy of credibility whereas defendant and his witnesses were not" and to "urge the jury to consider defendant's interest in the outcome in assessing his credibility." *State v. Googins,* 255 N.W.2d 805, 806 (Minn.1977). Here, the prosecutor suggested that the jury draw negative in-

ferences about the credibility of one of the defense witnesses by noting her interest in the outcome of the litigation, her prior convictions, and the inherent contradiction in her testimony. Even if this conduct rose to the level of prosecutorial misconduct, appellant failed to object and did not sustain sufficient prejudice to require reversal.

■ Appellant next argues that the state misstated the burden of proof and implied its shift to the defense. The Minnesota Supreme Court has held that it is prosecutorial misconduct to indicate that the jury should make its decision based on which version of the facts is the most "reasonable." *State v. Strommen*, 648 N.W.2d 681, 690 (Minn.2002). This court has held that it is improper to distract the jury from the proper burden of proof by implying that the jury should return a guilty verdict in order to protect their families from future harm. *State v. Hoppe*, 641 N.W.2d 315, 320 (Minn.App. 2002); *review denied* (Minn. May 14, 2002).

■ Here, the prosecutor stated in his closing argument, "You have a choice to make here." Nothing about this statement improperly implies an incorrect standard the jury should use. The prosecutor also discussed the possibility of disbelieving one of the state's witnesses and stated that the jury should

> consider the significance of [disbelieving the state's witness] with the utmost care, because that is a major, major leap of faith to take on behalf of a defendant whose witness who testified is somebody who has got three prior felonies.

Neither of these statements constitutes prosecutorial misconduct, and even if they did, appellant was not so prejudiced as to require reversal.

■ Appellant also argues that the prosecutor improperly inserted his opinion into his closing argument. It is misconduct for a prosecutor to state his personal opinion in his argument to the jury because of the potential for "exploitation of the influence of the prosecutor's office." *State v. Blanche*, 696 N.W.2d 351, 375 (Minn.2005) (quotation omitted). But the use of the phrase "I submit" or "the state submits" when preceding an offer of an interpretation of the evidence has been held not to be such an impermissible opinion. *State v. Bradford*, 618 N.W.2d 782, 799 (Minn.2000); *State v. Reed*, 398 N.W.2d 614, 617 (Minn.App.1986), *review denied* (Minn. Feb. 13, 1987). Here, the state used the phrase "I submit" preceding several statements concerning evidence, while also acknowledging the jury's role as the fact-finder in the proceeding. These statements were not prosecutorial misconduct and did not result in undue prejudice.

■ Appellant finally argues that the prosecutor improperly reinforced the credibility of a state witness. It is prosecutorial misconduct to bolster the credibility of the state's witnesses with the prosecutor's own opinion: an advocate "may not throw onto the scales of credibility the weight of his own personal opinion." *Ture*, 353 N.W.2d at 516. In *Ture*, the prosecutor referred to his own witnesses as

> being "honest," "a woman of integrity," "honest detectives," and "honest police officers." [That prosecutor] extolled the police officers as "not the kind of officers who are going to get up here, take the stand, take the oath and tell you something if it isn't true."

*Id.* The court found this conduct improper, but did not find that the misconduct rose to a level warranting a new trial because the district court instructed the jury, and the attorneys pointed out, that arguments were not evidence, because the statements were isolated, and because there was other strong evidence of guilt. *Id.* at 517.

■ Here, the prosecutor commented on the credibility of one of the state's witnesses, a police officer:

> She is a police officer who has no interest in the outcome of this case. She came in, she told you the truth. She told you what she saw, what happened.... Well, she came in here and she testified very clearly and subject to cross-examination what it was she saw.

Merely arguing that the witness has no interest in the case and highlighting that the witness's testimony was subjected to review under cross-examination is not interjecting the prosecutor's opinion into the credibility analysis. But under *Ture*, the statements "she told you the truth" and "she told you what she saw" were improper and constitute prosecutorial misconduct. *See id.* at 516. Credibility determinations are to be left to the jury. *See id.* But based on appellant's failure to object to the statement, we conclude that appellant was not so prejudiced that reversal of appellant's conviction is required. We further conclude that to the extent the various statements were improper, their cumulative effect was not so prejudicial as to require reversal.

## II.

■ The second issue is whether the district court erred by submitting interrogatories to the jury on the findings required for an upward durational departure under Minn.Stat. § 609.1095, subd. 2 (2002). In *Blakely v. Washington*, the United States Supreme Court held that, under the Sixth Amendment, a district court can only impose the maximum sentence warranted by facts determined by a jury or admitted by the defendant. 542 U.S. 296, ——, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004). This court reviews legal issues presented by the application of *Blakely* de novo. *State v. Hagen*, 690 N.W.2d 155, 157 (Minn.App.2004).

The application of *Blakely* in this setting in Minnesota is not a matter of first impression. The Minnesota Supreme Court has interpreted *Blakely* to limit a sentence, absent facts determined by a jury or admitted by the defendant, to "the presumptive sentence prescribed by the Minnesota Sentencing Guidelines." *State v. Shattuck*, 704 N.W.2d 131, 141 (Minn. 2005). In *Shattuck*, the supreme court considered Minn.Stat. § 609.109, subd. 4(a) (2004), which provides for a 30–year minimum sentence if "the court determines on the record" that the crime involved an aggravating factor under the sentencing guidelines and the person had a prior sex offense. 704 N.W.2d at 134 n. 2. The court held section 609.109, subdivision 4, facially unconstitutional because it permitted an upward durational departure based on a judge's finding of an aggravating factor, a judicial finding that *Blakely* does not permit. *Id.* at 143. The court also held Minnesota Sentencing Guidelines II.D unconstitutional to the extent that it permitted upward durational departures based solely on judicial findings. *Id.* at 144; *see also State v. Adkins*, 706 N.W.2d 59, 64 (Minn.App.2005) · (holding Minn.Stat. § 609.1095, subd. 4 (2004), authorizing upward durational departures "if the judge finds ... a pattern of criminal conduct," unconstitutional as applied to appellant's sentence).

Minn.Stat. § 609.1095, subd. 2 (2002) authorizes upward durational departures in sentencing if

> (1) the court determines on the record at the time of sentencing that the offender has two or more prior convictions for violent crimes; and
>
> (2) the court finds that the offender is a danger to public safety and specifies on the record the basis for the finding....

The district court attempted to avoid the obvious constitutional problem with section

609.1095, subdivision 2, by submitting questions regarding the enhancement factors to the jury. But the Minnesota Supreme Court considered the remedy of remanding an unconstitutional sentence for the district court to empanel a sentencing jury and stated: "For us to engraft sentencing-jury or bifurcated-trial requirements onto the Sentencing Guidelines and sentencing statutes would require rewriting them, something our severance jurisprudence does not permit." *Shattuck*, 704 N.W.2d at 148. The *Shattuck* court explicitly stated that it did not "foreclose the district court from considering any constitutionally applicable and/or available laws on remand." *Id.* at 148 n. 17. But submitting interrogatories to the jury here was not an available option because Minn. Stat. § 609.1095, subd. 2 specifically requires a judicial finding that the offender is a "danger to public safety."[1]

We thus reverse appellant's sentence and remand for sentencing consistent with the presumptive sentence in the Minnesota Sentencing Guidelines. We note that this decision will have a limited impact for two reasons. First, the legislative amendments to Minn.Stat. § 609.1095, subd. 2(2), effective August 1, 2005, authorize the trier of fact, as opposed to the court, to determine the enhancement factors. 2005 Minn. Laws ch. 136, art. 16, § 11. Second, for crimes occurring after August 1, 2005, the district court may empanel sentencing juries. *Id.* Because the crime in this case was committed on July 28, 2004, the amendment does not apply.

Appellant also argues that he received insufficient notice of the state's intent to seek a sentence under section 609.1095, subdivision 2, that the district court should have declined to define burglary as a violent crime under the statute, and that the district court should have defined "danger to public safety." Because we reverse on the basis that it was improper for the district court to submit interrogatories to the jury on the section 609.1095, subdivision 2 enhancement factors, we do not reach these arguments.

## DECISION

We conclude that in considering the trial as a whole, the prosecutorial misconduct was not unduly prejudicial and did not substantially influence the verdict. We further conclude that the district court could not avoid the *Blakely* infirmity in Minn.Stat. § 609.1095, subd. 2 (2002) by empanelling a sentencing jury. The matter is remanded for resentencing to the presumptive sentence under the Minnesota Sentencing Guidelines without consideration of an aggravating factor.

**Affirmed in part, reversed in part, and remanded.**

---

1. *Cf. State v. Montjoy*, 366 N.W.2d 103, 110–11 (Minn.1985) (rejecting appellant's argument that the district court should have submitted an interrogatory to the jury regarding a statutory element of his sentence because a jury could not make a factual finding where the statute required that the finding be "determined by the court"). Although *Montjoy* was decided long before *Blakely* and in substantially different circumstances, it has been cited as precedent for observing statutory division of labor between judge and jury. *See State v. Hannam*, 601 N.W.2d 454, 456 (Minn. App.1999), *review denied* (Minn. Dec. 21, 1999).